RuitiN Chief-Justice.'
 

 After stating the case, proceeded as follows : The recent case of
 
 Jones
 
 v.
 
 Sasser, (ante
 
 3
 
 vol. p.
 
 378.) sustains the Judge of the Superior Court upon the second point. The objection of the defendant upon the first ground seems to be a misapplication of the act of 1820,
 
 (Rev. c.
 
 1037,) to his case. That act has for its object, the giving of notice of the existence and extent of encumbrances, which is to be effected by the registry of the instruments by which they are created. That purpose cannot be effected in that mode, if the instrument itself does not purport to be a security; and the words of the act are “mortgage, deed, or conveyance in trust.” It is enacted that those convey-anees shall he void, if not registered in six months, The meaning must therefore be, that all instruments, which appear in themselves, to be deeds of trust or mort
 
 *52
 
 gages shall be so registered ; or, if not, that though they ^us Purport, they shall not be good as deeds of trust or mortgages. But the act cannot mean, that those instruments which do not profess to be securities, shall be rendered good as such, by registry within six months, as the objection that they are bad without such registry, in respect of the time merely, assumes. The truth is, that the period of the registry of a deed absolute in form, is, under the act of 1820, immaterial; because the instrument is substantially insufficient to answer the ends the act liad in view, at whatever time the registry is made. If the contract for redemption had been put into the form of a separate defeasance, the objection would apply both at law and in equity; for both instruments make but one deed, and both are capable of registration, and show the true transaction as fully, when registered, as if they had been engrossed on the same paper. Such instruments may be set up in any court as encumbrances ; because they purport to be so. When thus set up, they must be supported by due registry; or, if in equity, and against a subsequent purchaser, by notice to him. But the plaintiff here claims as absolute owner, and is not allowed by parol evidence, to give to his deed another character, in which, if it appeared on the deed itself, it might be
 
 supported. The cleten-
 
 . dant may indeed impeach it by such evidence; but that is on a distinct principle — that it is fraudulent because it is absolute, and therefore does not admit of registration, as the real transaction required it should. It is narrowing the objection, to rest it on the mere point of time. The true question is, whether ,if it was really, as between the parties to it, a security, it is not void under the act of 1820, by its proper construction, as a statute against fraudulent encumbrances. This brings to view, the remaining exception of the defendant.
 

 He prayed further an instruction, that if there was a secret agreement for redemption, as stated in the evidence, the deed to the plaintiff, being absolute and purporting to be for an entire consideration then paid, was fraudulent and void, as against the creditors of
 
 Perkins.
 
 
 *53
 
 His Honor refused to give the instruction ; and ruled, that the question of fraud was to be decided by the jury only. In this we think there is error.
 

 What is fraud in law? and when the fact of fraud must he left to the jury, and the effect of the vendors retaining the possession, discussed by Rujthn Chief-Justice.
 

 The opinion of the presiding Judge was probably founded on the decisions of this court, upon the effect of the possession remaining with the vendor of .chattels,— If so, those cases, as we conceive, are misunderstood; and the misapprehension ought at once to be corrected. Fraud is matter of law. It is stated in the books to be a conclusión of law upon facts and intents found or admitted. The word is expressive of a legal idea, and admits of a legal definition; and therefore is correctly stated as a general proposition, to be matter of law. When an act or intent is stated, it is the province of the court to pronounce whether that is injurious and cove-nous. But as persons perpetrating frauds seldom express them explicitly, but generally conceal them under the appearance of fairness, it is often — indeed seldom otherwise — difficult to ascertain the real purpose of the transaction. It is then the province of the jury to find the actual intent. In j.bat sense, fraud is called a mixed question of law and fact. But it is never exclusively one of fact, as was supposed in this case; nor do the cases in this court alluded to, support such an idea, when properly understood. In England it was held, that possession retained by the vendor was
 
 per se
 
 fraudulent ; upon the ground that it implied a secret trust, by which thebeneficial ownership was in the possessor, or that it might give him false credit, and tended to delude creditors and purchasers. Those purposes deemed to be established by the fact of possession, are held to be legally covenous purposes. The rule was adopted and for some time prevailed in this State. But it was necessary both in England and here, to admit as exceptions, so many cases, in which it was proper to leave to the jury the enquiry, whether those intents in fact existed, that it might be said that as a positive principle, the rule itself hardly remained. This court thought it useless to retain it with all the modifications, and that the plain and safe principle was to leave to the jury the possession
 
 *54
 
 as a fact anti ground of presumption, under all
 
 the
 
 circumstances of the parties, the subject, the length of possession and the notoriety of the title of the vendee and of its acquisition, whether or not there was a secret trust between the parties, or whether the possession was retained with a view to false credit, or gave such credit to the vendor. Such is the principle of those cases. It is not held, that the jury shall give to those intents, or to a delusive credit, such effect as to them may in each case seem proper. That the law declares, and the security of the creditors depends upon the fixed principles of the law, and not on the uncertain judgment of jurors as to what is covin. If a debtor convey his property without consideration and in trust for himself, it is fraudulent ; and if that appear in the conveyance, the court adjudges it to be void — for the party cannot show the deed under which he claims title, without also showing the intent. If it he not so expressed, but
 
 he
 
 secretly reserved, then its existence must be found by the jury.— Then the same consequence, as a legal consequence, follows from the fact thus found by the jury, as from the same fact as admitted by the party.
 

 An absolute deed with a parol previso for redemption is void under the act of
 
 *55
 
 1830, without reference to its registration; because it is an evasion of that act, by which publicity was intended to be given to all conveyances which are securities.
 

 
 *54
 
 That an absolute deed made upon a secret trust for the party making it, who retains the possession, is fraudulent has so long been settled, as to be now unquestionable. The right to redeem the slaves is an interest of value to him who has it; and to reserve it in such a way, as leaves it altogether in confidence between the parties, and enables them to perform the trust as between themselves, and at their pleasure to deny its existence, and refuse its execution for the benefit of creditors and purchasers, is so plainly deceptive and dangerous, and so directly a hindrance to creditors, as to fall within the act of 1715. But if it did not, the act of 1820 is strictly applicable to it in this respect, and avoids the deed. It declares mortgages void which arenotregistered within sixmonths-If this deed had spoken the truth,
 
 it
 
 would now be null within the letter of the statute. To say it is not so, because it does not upon its face appear to be a mortgage, would be to defeat the act altogether, and enable
 
 *55
 
 and tempt, men to evade it, simply by giving a false character to their contracts,' Under this act, this deed is void, not merely upon the time of registration, but because it does not bear upon its face the true contract; so that by no possibility, could
 
 the deed
 
 at any time be registered, as by the act,
 
 that contract
 
 ought to be registered, that is, so as to inform the world what encumbrance it created. While mortgages are required to be made public or be null, absolute deeds, intended by the parties to operate as mortgages, must be null. As mortgages they cannot be supported, because the registry does not convey the information required by the statute: Nor as absolute conveyances ; because they were not intended to be such, and that intent creditors may show from circumstances or by parol, though the parties themselves must abide by their words. It is not surprising that with the experience of the evils of secret liens and pretended encumbrances the Legislature should require, when the contract in its terms creates an encumbrance, that notice should be given of it, that others may know how to deal with the former owner. For the like reason and as a necessary consequence, when nothing but an encumbrance was meant, the parties must frame the evidence of their contract accordingly. In the former case the encumbrance is lost, because the owner will not register it. In the latter, because, by his folly he cannot register it.
 

 It is not supposed that the nature of the trust or interest reserved to the vendor, which is meant by the court can be misunderstood. But to prevent misapprehension, it may be proper to mention that it is supposed the reservation of it entered into the contract upon which the deed was made and formed a material part of the stipulations and treaty between the parties ; and is of such a nature as, if inserted in the deed, would give to the vendor a valuable interest in the property.
 

 In this case there was evidence, both in the testimony and in the circumstances of the price, of the possession and the length of it, and also the fact that the slaves were breeding women, whose services could not be worth the
 
 *56
 
 ],ire agreed for, from which the jury might have inferred that
 
 Perkins'
 
 possession was founded on a subsisting and substantial interest in himself, not expressed in the deed, pU£ resting in confidence between the parties. The defendant had therefore a right to ask the instruction he did; and for the reasons stated, we think it ought to have been given.
 

 It is not stated in the case, but I think it' probable, that hire was introduced into the bargain, for a purpose somewhat different from that of compensating the plaintiff for the use of the negroes as his property. It might be rather as compensation for the use of his money ; which would account for the form of the deed. The circumstance be it as it may, is not materia] to the defendant, and is only alluded to for the purpose of remarking, that the deed is not the less
 
 fraudulent
 
 against a creditor, though made upon terms illegal and oppressive on the borrower.
 

 Per Curiam — Judgment reversed.