MaNly, J.
The exceptions to the trial below, which appear upon the record, may be disposed of in the order in which they stand.
During the examination of Samuel E. Johnson, as a witness on behalf of plaintiffs, he was asked whether certain releases which he had given to qualify himself, were not, in truth, without any consideration. This was objected to by plaintiffs, but allowed by the Court, and answered in the affirmative.
The case does not disclose for what purpose this was used in the argument, or whether it was used for any purpose.
We should take it for granted, therefore, that it was applied only to such uses as were proper, if there be any such.
There' is one point of view in which, however little it may of itself weigh, it would nevertheless be proper to consider it; and that is in respect to the feelings and relations of the witness to the parties respectively, and the consequent bias under which he might be disposed to testify. The subsequent explanation which the witness gives of his estimate of these considerations, makes the testimony of little or no significance, and we suppose, it could not have influenced the verdict. • We see no wrong that it can have done the plaintiffs, and it is not therefore a just ground of exception.
The second exception arises upon-the charge of the Judge, and is to that part of it in which he instructs the jury “that if Buie held the Morison notes as suggested by plaintiff’s counsel, and Duncan Johnson held them in the same way, -then the deed being absolute on its face was void.” This instruction appears to be justified by the facts, and the law of the land, as settled in this Court in *297 the case of Halcombe vs. Ray, 1 Ired., 340. It seems that Samuel Johnson was indebted to Morison by several notes,' and being unable to pay them on demand, it was arranged in order to quiet Morison’s apprehensions, that Buie should become the principal in a note to him for the amount, with the uncles Samuel and Duncan Johnson as sureties. Upon this arrangement the notes of Samuel Johnson to Morison were left in the hands of Buie., with what precise understanding does not appear ; and the obvious inference-might' well be made, that they were left there, to abide the result of Buie’s liability for the debtor, and asan indemnity in case of loss ; and, therefore,, in respect to that part of the consideration, the deed from Samuel to Duncan Johnson was a mere security for debt. In other words, the deed in question was a mortgage. The Court was justified in pre-. sending the case to the jury on this hypothesis, and the-law, we think,-was properly declared. The principle that makes void a deed which is absolute on its face, but intended to operate as a mortgage only, springs from the requirements of our registration laws. , To hold otherwise, Would defeat entirely the objects of the Legislature' in requiring mortgages to be registered before taking effect. These laws for registration were passed to provide( for creditors, such means of knowledge as would enable them to avail themselves promptly of the remedies the law provides.
If an absolute deed could be substituted and upheld, it would enable the debtor to baffle the creditor in pursuit of his just demands, and the latter would be in the same condition as if no law for the registration of -mortgages had ever been passed. We are obliged, therefore, to hold such a deed void, in order to give -effect to the repeatedly declared will of the Legislature. There is no error in the instruction of the Judge on this point. ‘
*298 The third exception is to that part of the charge in whioh the jury are told “that the debts which were due from Samuel Johnson to Duncan Johnson, formed the consideration of the bill of sale, and the intention of the' conveyance is to accomplish the,.object that moved the maker to execute it, and if any part of the consideration be feigned or fraudulent, the intent is so, and the whole debd is void.’'" This is in strict conform í ty i o the law as laid down by this Court in the case of Stone vs. Marshall, 7 Jones, 300, when this Court announced the same principle in about the same words. The Court is now satisfied with the soundness of this view. ]
, The fourth exception is to the refusal on the part of the Court to charge the jury ■‘that as there was no account stated between Samuel Johnson and Murchison in May, 1855, and no debt ascertained to be due Murchison at that time, and no evidence that the deed was made to defraud Murchison, the deed was not fraudulent inlaw as to him.” In asking for this instruction, it seems to be assumed that Murchison was not a creditor to be defrauded until after the balance was struck in his favor in 1857. This is manifestly wrong.' The testimony discloses the fact that the settlement spoken of was solely in relation to partnership transactions in the years of 1851 and 1852.- So that the balance ascertained to bo due in 1857, and for which judgment was recovered in that year, had been due since the year 1852. It would, therefore, have bee >. manifestly improper for the Judge to predicate any part of his charge on such an assumption, and he was right in refusing the specific instructions asked.
The last and only remaining exception of the appellant is to the refusal of the Court to give this instruction, “ that although Duncan Johnson might not, in strict law, be able *299 to ’collect the Morison notes out of Samuel Johnson, yet if Samuel Johnson thought so and took them in good faith in part consideration of the bill of sale, the bill of sale would not be void as to creditors on that account. ” This instruction wás properly refused. The note not being due to, and collectible by, Duncan Johnson, which is the supposition made, it follows it could only be held by him as a collateral security against his liability for the maker ; and we have already seen that such a consideration can not support an absolute deed so as to defeat a creditor. The claim or demand is a contingent, and not an absolute one. The event may never happen upon which a legal demand would arise, and',to estimate the value of such a risk, and insert it as a consideration in a deed absolute upon its face, is a fraud in law upon creditors. The necessary intendment of such an instrument is to defraud,' and it is the duty of the Court so, to hold, irrespective of any speciál evidence of the mind or intent of the maker.
Upon the whole, we see no error upon the trial of this case in the Court below, and, therefore, it is considered by us that the judgment be affirmed.