## STATE v. JAMES COLLINS.

### *Evidence—Practice.*

Where a Judge allows improper evidence to be introduced, after objection, but before the conclusion of the trial reverses his ruling and withdraws the evidence from the consideration of the jury, instructing them that the evidence is inadmissible and they must not consider it; *Held,* not to be error.

(*McAllister* v. *McAllister,* 12 Ired., 184; *State* v. *May,* 4 Dev., 328; *State* v. *Davis, Ibid.,* 612, cited and approved).

Indictment for LARCENY, tried before *Meares, Judge,* and a jury, at September Term, 1885, of the Criminal Court of NEW HANOVER county.

The defendants were charged with the larceny of some hams, the property of John L. Boatwright, and on the trial, after some testimony had been offered tending to establish the larceny, the defendant Julius Jones was placed on the stand by the Solicitor, and was cautioned as to his legal rights, and informed with great particularity by the Court, that he was not bound to give any testimony that would criminate himself.

He then testified that the defendant James Collins gave the hams to him, at the store of J. L. Boatwright, and told him that he, (Collins,) would pay him if he would sell them for him, and

furthermore, that he did not know what the bag which he received from the said Collins contained, until it was opened at the cookshop.

During the examination of one Southall, a witness for the State, the Solicitor offered in evidence the declaration of the defendant Julius Jones, made after his arrest, to the witness, voluntarily and without any inducement whatever, viz., "that he (the defendant Jones) had received the hams in question from the defendant Collins to sell for him."

The Solicitor argued that a conspiracy had been established by the testimony, and that the declaration of a co-conspirator was admissible. The counsel for the defendants contended that no conspiracy had been established, and objected to the admission of the testimony.

The Court admitted the declaration in evidence, and the counsel for the defendants excepted.

Also during the examination of John L. Boatwright, a State's witness, the Solicitor called for the same declaration, viz., "that the defendant Jones had told him several times since his arrest, voluntarily and without any inducement, that the defendant Collins had given him the hams, and that he (Jones) was to sell them." The Solicitor again insisting there had been proof of a conspiracy, which was denied by the defendant's counsel. The Court admitted the evidence, and the defendant's counsel excepted.

After the examination of the witnesses had closed, and after one of the counsel for James Collins had finished addressing the jury, and when the Solicitor was partly through his remarks to the jury, but before the last speech of the defendant's counsel, who had the closing speech, was made, the Court, without any suggestion from counsel; came to the conclusion that the declaration of the defendant Julius Jones, made to the witnesses Southall and Boatwright, was inadmissible, for a reason that had not been urged by either of the counsel in the case, and had not occurred to the Court at the time of the admission of the testimony, viz., that the declaration was made after the transaction, and was, there-

fore, "not in furtherance of a common design," and was inadmissible, and the Court then declared to the counsel in the case, in the full hearing of the jury, that the said declaration was ruled out and excluded from the testimony.

The Court instructed the jury with regard to the testimony of Julius Jones, that it was unsafe to convict upon the uncorroborated testimony of an accomplice, and it was for the jury to say, whether there was sufficient evidence in the case to convince them beyond a reasonable doubt, of the guilt of the defendant Collins, excluding the evidence of the defendant Jones, and if they were not so satisfied, the question of corroboration would arise, and it was for them to say to what extent the witness, who was an accomplice, had been corroborated by the testimony in the case.

The Court told the jury in unmistakable language that the declaration of the defendant Jones, made to the witnesses Southall and Boatwright, had been excluded, and must not be considered by them.

The jury found the defendants guilty.

There was a motion for a new trial, and the error assigned was, that the Court had admitted the declarations of Jones, upon the ground that a conspiracy had been established. The motion was overruled by the Court. There was judgment against the defendants, from which Collins alone appealed.

*Attorney General* for the State.
*Mr. Marsden Bellamy*, for the defendant.

Ashe, J. (after stating the facts). There is no error. If his Honor committed an error in admitting the declaration of Jones, it was remedied by his withdrawing it from the jury, and excluding it from their consideration. The case of *McAllister* v. *McAllister*, 12 Ired., 184, settles this point. There the error alleged was in receiving the register's book in evidence, instead of a certified copy of the registry. Ruffin, C. J., said: "If there had been error in admitting the register's book, the defendant would

have no cause of complaint, for the evidence was clearly and promptly withdrawn from the jury as irrelevant, and the defendant suffered no prejudice from it. It is undoubtedly proper and in the power of the Court, to correct a slip, by withdrawing improper evidence from the consideration of the jury, or by giving such explanations of an error as will prevent it from misleading a jury"—and the same learned Judge, in the case of *State* v. *May*, 4 Dev., 328, said: "If improper evidence be received, it may afterwards be pronounced incompetent, and the jury instructed not to receive it." To the same effect is *State* v. *Davis*, 4 Dev., 612.

The improper evidence in this case was promptly withdrawn from the consideration of the jury before the case was submitted to them.

There is, therefore, no error.

Let this be certified to the Criminal Court of New Hanover county, that the case may be proceeded with according to law.

No error. Affirmed.