JOHN WILSON et al. v. BRANNING MANUFACTURING COMPANY.

*Practice—Trial—Objections to Evidence—Withdrawing Evidene from Consideration of Jury.*

Where a motion by one party to have certain evidence introduced on his behalf stricken out was refused on the objection of the adverse party, the latter cannot assign as error the admission of such evidence.

CIVIL ACTION, tried before *Robinson, J.,* at Fall Term, 1896, of BERTIE Superior Court.

The action was for timber cut by defendant from land theretofore cultivated and not included in a contract be-

tween the parties. There was evidence on the part of plaintiff tending to show that its trees were cut from lands that had been cultivated, known as the "Barnes Old Field" and "Beaver Dam Old Field."

The evidence of defendant tended to show that the trees had been cut from land that had never been cultivated.

The plaintiff introduced as a witness one Britton Outlaw, whose testimony was objected to in apt time. The Court permitted him to testify: " I know the 'Barnes Old Field' spoken of; my father, who did not own the land, in passing the 'Barnes Old Field' with me, pointed it out, and said that he had worked it in crops, and that his father helped to clear it up."

At the close of the evidence the plaintiff moved to strike out the conversation testified to by Britton Outlaw between witness and his father as to the clearing up and working in the "Barnes Old Field." Defendant objected, and the Court refused to strike out the evidence. There was verdict for plaintiff, and judgment for $375 and costs, and defendant appealed.

*Mr. Francis D. Winston* plaintiff.
*Messrs. Martin & Peebles* for defendant (appellant).

Clark, J.: It is settled by the uniform decisions of this court that the trial judge "may correct a slip by withdrawing improper evidence from the consideration of the jury, or by giving such instructions as will prevent it from misleading the jury." Ruffin, J., in *McAllister* v. *McAllister*, 34 N. C., 184, cited and approved by Ashe, J., in *State* v. *Collins*, 93 N. C., 564, and Smith, C. J., in *State* v. *McNair*, 93 N. C., 628. To the same purport—*State* v. *May*, 15 N. C., 328; *State* v. *Davis*, 15 N. C., 612; *Bridgers* v. *Dill*, 97 N. C., 222; *State* v. *Eller*, 104 N.

C., 853, and *State* v. *Crane*, 110 N. C., 530, where the subject is fully discussed. The purpose of a trial is the ascertainment of the truth of the matter in controversy. It is not a game of skill in which the object is to catch the judge "out on first base" by an inadvertence or error, which he can and does correct himself without subjecting the parties to the expense of an appeal and a new trial. If the jury are to be deemed intelligent enough to obey his instructions in the charge, they must also be able to comprehend his instruction, that certain evidence had been improperly admitted and is not to be considered by them. If, therefore, the court had granted the plaintiff's motion to strike out the evidence, the defendant would have had, even in that case, no ground of exception, but the condition of the defendant is worse, for it objected to the withdrawal of the evidence. It was at the defendant's instance that the evidence was submitted to the jury, and he certainly cannot complain.

No error.