J. T. NELSON v. FLORENCE MOORE NELSON.

(Filed 25 September, 1929.)

1. **Appeal and Error J e—Error, if any, in the admission of certain evidence is cured by testimony of objecting party to same effect.**

Objections to the admission in evidence of the contents of a letter alleged to have been lost upon the ground that a proper search for it had not been made is untenable when the objecting party has testified to the contents thereof on cross-examination.

2. **Divorce D e—Instruction in this action for divorce held not to be at variance with provisions of C. S., 1662.**

In an action for absolute divorce a charge in reference to the admissions of counsel that the evidence was sufficient to support an affirmative answer to the issues of marriage, separation and residence is held not equivalent to a directed verdict and not to be at variance with the provisions of C. S., 1662.

APPEAL by defendant from *Daniels, J.,* at March Term, 1929, of PITT. No error.

*W. J. Bundy and Julius Brown for plaintiff.*
*Harding & Lee and Walter G. Sheppard for defendant.*

PER CURIAM. The plaintiff brought suit against the defendant for divorce *a vinculo matrimonii,* alleging that they had been legally married; that the defendant had voluntarily left him; that they had lived separate and apart from each other since May, 1922; that he had continuously resided in the State since the separation, and that he is the injured party. The defendant filed an answer admitting the marriage and separation, denying that the plaintiff is the innocent party, and alleging that the separation was caused by the plaintiff's cruel and in-

humane conduct. Issues relating to the marriage, the separation, the plaintiff's residence, and the question of his innocence were answered in favor of the plaintiff. Judgment was rendered dissolving the bonds of matrimony, and the defendant appealed upon error assigned in her exceptions.

The complaint is based upon C. S., 1659, subsection 4, the action having been instituted before the enactment of chapter 6, Public Laws 1929.

The plaintiff was permitted to testify to the contents of a letter, said to have been lost, written him by the defendant to the effect that she "had gone home for good"; and the defendant excepted on the ground that there was no satisfactory evidence that a bona fide and diligent search had been made for the missing paper. Granting for the purpose of the argument, without deciding, that this position is correct, the objection is met by the defendant's admission in her testimony of the specific fact to which the plaintiff bore witness. The defendant said, "I wrote the letter referred to by Mr. Nelson and told him I was gone for good unless there was a change." It is immaterial that this was brought out on her cross-examination; it was not incompetent under the provisions of C. S., 1801.

The charge in reference to an admission of counsel that the evidence was sufficient to justify an affirmative answer to the issues involving marriage, separation, and residence, is not, in our opinion, at variance with the provisions of C. S., 1662. The judge did not direct a finding of the fact, but told the jury that the evidence was sufficient to warrant an affirmative finding. The third issue, which really determined the controversy, was submitted under proper instructions.

No error.