BAXTER FOSTER, By His Next Friend, MRS. NANNIE FOSTER, v. FRED MOORE and Wife, PEARL MOORE.

(Filed 25 January, 1933.)

Fraudulent Conveyance A a—Question of whether conveyance was deed or mortgage held for jury.

 Where the complaint alleges that the plaintiff was a creditor of the defendant under a docketed judgment and seeks to set aside on the ground of fraud and conspiracy a subsequent, registered deed executed by the defendant to his wife, and the answer alleges that the deed was made upon adequate consideration, and also alleges that the defendant owed a large sum of money to his wife and had promised to convey the land to her as security: *Held,* a judgment on the pleadings setting aside the deed as against the issuance of execution is erroneous, for, although the answer is ambiguous, the question of whether the conveyance was a deed as imported on its face or in effect a mortgage to secure a debt, is a question for the determination of the jury; and should the jury answer the issue adversely to the plaintiff, the validity of the instrument must be determined by the principles announced in *Aman v. Walker,* 165 N. C. 224.

APPEAL by defendants from *Cowper, Special Judge,* at 3 October, 1932, Special Term, of MECKLENBURG. Error.

Baxter Foster, a minor, was injured in an automobile wreck on 8 July, 1930. On 6 August, 1930, Baxter Foster, through his mother as next friend, the plaintiff in this action, brought an actionable negligence case against the defendant Fred Moore. On 4 November, 1931, the plaintiff recovered judgment against defendant Fred Moore for $2,500, and costs. The judgment is duly recorded in the clerk's office of Mecklenburg County, North Carolina, in accordance with law and is not paid. Pearl Moore is the wife of Fred Moore. On 3 September, 1930, Fred Moore conveyed to his wife Pearl Moore by deed certain real estate which he owned. This action is brought to set aside the deed as null and void, on the ground of fraud.

The plaintiff alleges in part: "That the defendant, Pearl Moore, did not pay to the defendant, Fred Moore, for said deeds, a sufficient con-

sideration, and in fact did not pay therefor any consideration whatever. That in making said conveyances the defendant, Fred Moore, did not retain sufficient property for the payment of his then existing debts. That the conveyance of said property by the defendant, Fred Moore, to his wife, the defendant, Pearl Moore, was arranged and planned for the purpose of fraudulently avoiding liability to his creditors, and for the purpose of having the title to his property vested in his wife in order that the claims of creditors might be delayed, defeated and defrauded. That the said deeds from Fred Moore to his wife, Pearl Moore, are void and of no effect, as against the plaintiff herein, to whom the liability of the defendant, Fred Moore, in the sum of $2,500 and costs arose prior to the execution, delivery and registration of said deeds. Wherefore, the plaintiff prays: That the deed from the defendant, Fred Moore, to his wife, the defendant Pearl Moore, recorded in the Mecklenburg public registry in Book 786, page 179, be set aside and declared null and void and of no effect as against the plaintiff, in his right to enforce said judgment by execution against the property described in said deed; that the deed, from the defendant, Fred Moore, to his wife, the defendant, Pearl Moore, recorded in the Mecklenburg public registry in Book 786, page 180, be set aside and declared null and void and of no effect as against the plaintiff, in his right to enforce said judgment by execution against the property described in said deed."

The defendants deny the material allegations of the complaint above set forth, but say that "Fred Moore admits that for and in consideration of a considerable sum of money, theretofore borrowed from his wife, Pearl Moore, he conveyed to her the lots."

For a further answer and defense, the defendants say: "That in February, 1930, Pearl Moore, demanded of her husband, Fred Moore, some security for the money which she had loaned him and that in compliance with the said demand, on 15 February, 1930, Fred Moore executed and delivered to his codefendant, Pearl Moore, a deed to the lots referred to in the complaint, which deed is duly recorded in the office of the register of deeds for Mecklenburg County, in Book 786, page 179, to which reference is hereby made. That the plaintiff's cause of action, according to the third paragraph of his complaint, did not accrue until 8 July, 1930, nearly 8 months after the deed Fred Moore executed to his wife, Pearl Moore, was made, which deed was made in good faith and for a valuable consideration. These defendants deny that the said conveyance to Pearl Moore was made as the result of a conspiracy between them to defeat the rights of the plaintiff in this action; that same was made in good faith, and not to defraud the plaintiff, for the reason, that at that time the plaintiff had no cause

of action against the defendants; that the said deed of conveyance was made in good faith and for a consideration of about $1,600, and was not made to defraud the plaintiff or any other creditor of the defendant, Fred Moore. . . . And prays that the said action be dismissed and that the deeds referred to be not declared null and void and set aside and that the defendants recover their costs and go without day."

The court below, on motion of plaintiff for judgment on the pleadings, declared the deeds "null and void and of no effect as against the plaintiff in his right to enforce the judgment referred to in the pleadings by execution against the property described in said deeds." Judgment was signed accordingly. The defendants excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*J. D. McCall for defendants.*

CLARKSON, J. The plaintiff contends that on the pleadings the question presented is whether or not a conveyance of land, though absolute on its face, but intended as a mere security for a debt, is valid or void? We do not think the pleadings as a whole bear out plaintiff's contention. The principle contended by plaintiff is well stated by *Ruffin, J.,* and worth repeating, in *Gulley v. Macy,* 84 N. C., at p. 439-40, "That a deed absolute on its face but only intended as a security is fraudulent as to the creditors of the maker, has been thought to be the settled law of this State since the case of *Gregory v. Perkins,* 4 Dev., 50, and the case soon following it of *Holcombe v. Ray,* 1 Ired., 340. Such a rule, the Court declares in those two cases, is necessarily deducible from the statutes requiring mortgages and deeds in trust to be registered, and as those statutes were passed because of the experience of the evils resulting from secret trusts and encumbrances, the courts felt constrained to extend their operations to the extreme limit of the mischiefs intended to be remedied, so as to embrace every instrument which (whatever its form) was intended by the parties to be a security only, and this without regard to any intent on their part to defraud creditors. Such a grantee can acquire no title as against creditors or subseqeunt purchasers, not because of any evil intent to perpetrate a fraud, but because he cannot bring himself within the provisions of a statute which allows mortgages and deeds in trust to take effect from their registration only. As an absolute deed, it cannot be registered because such is not the intent of the parties; nor as a mortgage, because it does not purport to be one and would fail to give the notice to others dealing with its maker which it was the object of the statutes to secure." *Bernhardt v. Brown,* 122 N. C., at p. 591.

The plaintiff in the allegations of the complaint treats the conveyances as deeds and prays that the deeds be set aside for fraud and declared "null and void." In the answer Fred Moore alleges that in consideration of a considerable sum of money theretofore borrowed from his wife, Pearl Moore, he conveyed to her the lots. In the further answer and defense, Fred Moore does say that Pearl Moore demanded security for the money loaned him and in compliance he made the deeds, but later the defendants deny that the conveyances were made as a result of a conspiracy to defeat the rights of plaintiff "that the same was made in good faith and not to defraud plaintiff," and for a consideration of about $1,600. The answer seems to be ambiguous as to the contention made by plaintiff that the deeds were a security for a debt and judgment should not have been rendered on the pleadings. It is for the jury to say from the present pleadings whether the deeds absolute on the face were in fact security for a debt. If this question is decided against plaintiff, then the principle governing this action in reference to fraudulent conveyances, is set forth in *Aman v. Walker,* 165 N. C., at p. 227-8, citing numerous authorities, as follows: "(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid. (2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally. (3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained. (4) If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee and of which intent he had no notice, it is valid. (5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the grantor, participated in by the grantee or of which he has notice, it is void." *Tire Co. v. Lester,* 190 N. C., 411.

This matter has recently been fully considered in *Bank v. Lewis,* 201 N. C., 148. *Bank v. McCullers,* 201 N. C., 412; *Bank v. Finch,* 202 N. C., 291. For the reasons given in the judgment of the court below there is

Error.