FRANCES W. HAGEDORN v. HEYMAN HAGEDORN ET AL.

(Filed 27 January, 1937.)

1. **Appeal and Error § 39f: Trial § 16—Where incompetent evidence is stricken out, error in its admission is cured.**

   In this action for alimony without divorce, C. S., 1667, plaintiff's counsel inadvertently examined plaintiff wife in regard to defendant husband's alleged adultery. Counsel, admitting the incompetency of the testimony under the provisions of C. S., 1801, asked that the testimony be stricken out, which was done by the court. *Held:* The error in the admission of the evidence was thus cured.

2. **Appeal and Error § 39j: Divorce § 13—Proof of one ground for divorce is sufficient under C. S., 1667.**

   Where, in an action for alimony without divorce, C. S., 1667, plaintiff alleges two grounds for divorce, which are both found for plaintiff by the jury, error in the trial in regard to one of the grounds only does not entitle defendant to a new trial, since the establishment of the other ground is sufficient under the statute.

3. **Evidence § 12—Husband or wife may voluntarily disclose confidential communications.**

   C. S., 1801, providing that no husband or wife shall be compelled to disclose any confidential communication made by one to the other during their marriage, does not render incompetent a voluntary disclosure of such communications, but only precludes involuntary testimony in regard thereto.

4. **Divorce § 14—Wife stands in position of creditor of husband in respect to claim for alimony without divorce.**

   In an action for alimony without divorce, the wife stands in the position of a creditor of her husband, and as against her claim the husband's deed, absolute on its face, but intended only as security, will not avail, and where the grantee in the deed admits that title was placed in her name as security for money loaned the husband, she may not complain at the provision of the judgment reforming her deed so as to constitute it a mortgage for the debt in the amount ascertained by the jury.

APPEAL by defendants from *Rousseau, J.,* at June Term, 1936, of GUILFORD.

Civil action for maintenance and support under C. S., 1667, and for counsel fees, also to sequester certain property alleged to have been conveyed to *feme* defendant with intent to defraud plaintiff of her marital rights.

The gravamen of plaintiff's complaint is, that she and Heyman Hagedorn were married 24 January, 1912; that defendant has separated himself from plaintiff and has failed to provide her and the child of their marriage with necessary subsistence according to his means and condition in life, and that he has been guilty of misconduct constituting causes for divorce; wherefore, plaintiff brings this action to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband.

Plaintiff further alleges that in 1931 Heyman Hagedorn purchased two valuable tracts of land in Greensboro and placed title thereto in the name of his mother, Lula Hagedorn, with the ultimate intent of defrauding plaintiff of her marital rights.

The material allegations of the complaint were denied by Heyman Hagedorn.

The defendant Lula Hagedorn, answering the complaint, admitted that "Heyman Hagedorn caused deed to be made to this defendant . . . for the purpose of securing the replacement of moneys she had loaned her son." The *feme* defendant thereupon set up a cross action for $13,061, which amount, she asserted, was secured by the conveyance of the property in question and evidenced by notes held by her. It was also in evidence that she had paid taxes on said property to the amount of $677.96, and likewise held her son's note to cover this item.

The jury returned the following verdict:

"1. Were the plaintiff, Mrs. Frances Hagedorn, and defendant, Heyman Hagedorn, lawfully married? A. 'Yes.'

"2. Did the defendant Heyman Hagedorn commit adultery with Aileen Bennett, as alleged in the complaint? A. 'Yes.'

"3. If so, did the plaintiff Mrs. Frances Hagedorn condone the acts of adultery? A. 'No.'

"4. Did the defendant Heyman Hagedorn offer such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome? A. 'Yes.'

"5. If so, did the plaintiff Mrs. Frances Hagedorn forgive and condone the acts of the defendant Heyman Hagedorn? A. 'No.'

"6. Did the defendant separate himself from his wife and fail to provide her with the necessary subsistence according to his means and condition in life? A. 'Yes.'

"7. What amount, if any, is the defendant Mrs. Lula Hagedorn entitled to recover of the defendant Heyman Hagedorn? A. '$677.96.' "

Judgment on the verdict, from which the defendants appeal, assigning errors.

*Herbert S. Falk for plaintiff, appellee.*
*Sapp & Sapp for defendant Heyman Hagedorn, appellant.*
*Frazier & Frazier for defendant Lula Hagedorn, appellant.*

STACY, C. J. In the companion case of *Hagedorn v. Hagedorn,* 210 N. C., 164, 185 S. E., 768, the plaintiff sought to reach certain property which, it was alleged, her husband had placed in corporate holding to defeat her marital rights. Here a similar effort is made to reach property, title to which plaintiff alleges her husband has placed in Lula Hagedorn with like intent and purpose.

### HEYMAN HAGEDORN'S APPEAL.

The only exceptions requiring attention on Heyman Hagedorn's appeal are those directed to the plaintiff's testimony in which she undertakes to speak to the subject of adultery, in support of the second issue, and, also, certain alleged confidential communications.

Counsel for plaintiff freely conceded in the trial court that the examination of his client in support of the second issue was at first inadvertent, or without proper attention to C. S., 1801, which prohibits either spouse from testifying to the other's adultery, and asked that the same be stricken out. This was done. The error was thus cured. *Gray v. High Point,* 203 N. C., 756, 166 S. E., 911; *S. v. Lattimore,* 201 N. C., 32, 158 S. E., 741; *Nance v. Fertilizer Co.,* 200 N. C., 702, 158 S. E., 486; *Eaker v. Shoe Co.,* 199 N. C., 379, 154 S. E., 667; *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807; *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260; *In re Will of Staub,* 172 N. C., 138, 90 S. E., 119. In *McAllister v. McAllister,* 34 N. C., 184, *Ruffin, C. J.,* said: "It is undoubtedly proper and in the power of the court to correct a slip by withdrawing improper evidence from the consideration of the jury, or by giving such explanations of an error as will prevent it from misleading a jury." He expressed the same opinion in *S. v. May,* 15 N. C., 328, and the practice has been observed since that time. *S. v. Davis,* 15 N. C., 612; *S. v. Collins,* 93 N. C., 564; *S. v. McNair, ibid.,* 628; *Bridgers v. Dill,* 97 N. C., 222, 1 S. E., 767; *S. v. Crane,* 110 N. C., 530, 15 S. E., 231; *Wilson v. Mfg. Co.,* 120 N. C., 94, 26 S. E., 629; *S. v. Lunsford,* 177 N. C., 117, 97 S. E., 682; *S. v. Dickerson,* 189 N. C., 327, 127 S. E., 256. But even if we should agree with the defendant that there was error in respect of the second issue, still this would not work a new trial

unless error were also committed in respect of the fourth issue, for in an action like the present, only one cause for divorce, either *a vinculo* or *a mensa et thoro,* need be alleged and shown. *Albritton v. Albritton,* 210 N. C., 111, 185 S. E., 762. In the instant case, the plaintiff has elected to make "assurance doubly sure" by alleging two causes for divorce—one absolute, the other from bed and board. Either would have sufficed under C. S., 1667. *Price v. Price,* 188 N. C., 640, 125 S. E., 264.

Plaintiff was allowed to testify to a number of conversations with her husband, which, it is contended, were of a confidential nature and should have been excluded under authority of *McCoy v. Justice,* 199 N. C., 602, 155 S. E., 452. It is provided by C. S., 1801 that "No husband or wife shall be compelled to disclose any confidential communication made by one to the other during their marriage." This means that neither shall be compelled to disclose any such confidential communication, but does not perforce render a voluntary disclosure thereof incompetent. *Nelson v. Nelson,* 197 N. C., 465, 149 S. E., 585.

Speaking to a similar situation in *Stickney v. Stickney,* 131 U. S., 227, *Mr. Justice Field,* delivering the opinion of the Court, said: "The general rule of the common law is, that neither husband nor wife is admissible as a witness for or against each other in any case, civil or criminal. This exclusion, as Greenleaf says, is founded partly upon the identity of their legal rights and interests, and partly on principles of public policy, that the confidence existing between them shall be sacredly protected and cherished to the utmost extent, as being essential to the happiness of social life. But this doctrine has been modified in several states, in many particulars, by direct legislation upon the subject, such as that neither husband nor wife shall be compelled to disclose any communication made to him or her during the marriage, as in New York. A voluntary statement is receivable under such a statute."

### LULA HAGEDORN'S APPEAL.

The defendant Lula Hagedorn, in her answer, admits that Heyman Hagedorn caused title to the two lots in Greensboro to be placed in her name "for the purpose of securing the replacement of moneys she had loaned her son." Thus she only claims to hold the properties as security for loans, and concedes that the lots belong to her son. It has been found by the jury, however, upon ample evidence, that her claim of loans is fictitious, except as to the taxes advanced. Hence, the judgment would seem to be without prejudice to any of her rights. *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171; *Sexton v. Farrington,* 185 N. C., 339, 117 S. E., 172; *Gentry v. Harper,* 55 N. C., 177; *Fahey v. Fahey,* 18 L. R. A. (N. S.), 1147, and note. She elected not to testify in the

case, notwithstanding plaintiff's evidence in denial of the genuineness of her supposed loans.

The plaintiff stands in the position of a creditor of her husband. *Walton v. Walton,* 178 N. C., 73, 100 S. E., 176. As against her claim, the deed to Lula Hagedorn, absolute on its face, but intended only as security, will not avail. *Foster v. Moore,* 204 N. C., 9, 167 S. E., 383; *Gulley v. Macy,* 84 N. C., 434; *Johnson v. Murchison,* 60 N. C., 292; *Holcombe v. Ray,* 23 N. C., 340; *Gregory v. Perkins,* 15 N. C., 50.

The result is that none of the exceptions can be held to work a new trial on either appeal.

No error.