## CLARA COLLINS HICKS v. HORACE E. HICKS.

### (Filed 24 July, 1967.)

**1. Evidence § 22.1—**

    A tape recording of a conversation is ordinarily admissible in evidence if it is properly authenticated and if it is not excluded by some positive rule of law.

**2. Evidence § 12—**

    A husband or wife shall not be compellable to disclose any confidential communication made by the one to the other during their marriage. G.S. 8-56.

**3. Same—**

    A tape recording, made without the wife's knowledge by the husband, of a conversation between them while alone except for the presence of their eight year old child, who was singing and playing at the time, *held* incompetent in evidence over the wife's objection.

**4. Appeal and Error § 57—**

    The presumption that the court disregarded incompetent evidence in making its findings of fact does not obtain when the record affirmatively discloses that a finding was based, in part at least, on incompetent evidence heard over objection.

APPEAL by plaintiff from *Johnston, J.,* in Chambers, 22 November 1966 of FORSYTH.

Civil action by wife against defendant husband, instituted under the provisions of G.S. 50-16, for the custody of an eight-year-old daughter born of the marriage, for maintenance and support of plaintiff and their minor child, and for counsel fees.

A hearing was conducted by Judge Johnston, Senior Resident Judge of the Twenty-first Judicial District, in which Forsyth County is situated, upon a motion by plaintiff for an order requiring defendant to pay alimony *pendente lite* to plaintiff for the maintenance and support of their child and herself, for the custody of their eight-year-old child, and for counsel fees. Both sides presented evidence.

The trial judge entered an order whereby custody of the child was to be alternated monthly between the husband and wife, and under the terms of the order the parties are required to alternate in their respective occupancy of the home place, and during the months the child is with the mother the defendant is to pay for the child's support $50 per month. The court in its order denied plaintiff's request for alimony *pendente lite* and counsel fees. From the order entered, plaintiff appealed.

*H. Glenn Pettyjohn for plaintiff appellant.*
*Hayes and Hayes by James M. Hayes, Jr., for defendant appellee.*

Parker, C.J. Plaintiff assigns as error that the court admitted in evidence, over her objection and exception, conversations as recorded by a tape recording machine between the plaintiff wife and the defendant husband, in the presence of the eight-year-old child. It seems clear from the evidence that the tape recording was made in the basement of their home. There is no evidence in the record that the wife knew of the installation of this tape recording machine that recorded the conversations between her husband and herself.

It has almost uniformly been held that evidence offered in the form of a sound recording is not inadmissible because of that form, if properly authenticated, and if not excluded because of some positive rule of law. *S. v. Walker,* 251 N.C. 465, 112 S.E. 2d 61, cert. den. 364 U.S. 832, 5 L. Ed. 2d 58; *S. v. Knight,* 261 N.C. 17, 134 S.E. 2d 101; Annot. 58 A.L.R. 2d 1029, and cases cited.

G.S. 8-56 expressly provides: "No husband or wife shall be compellable to disclose any confidential communication made by one to the other during their marriage."

North Carolina recognized the common-law privilege before it was written in our statute. In *S. v. Jolly,* 20 N.C. 108, 112 (1838), Gaston, J., speaking for the Court said: ". . . (W)hatever is known by reason of that intimacy [marriage] should be regarded as knowledge confidentially acquired, and that neither [husband nor wife] should be allowed to divulge it to the danger or disgrace of the other."

In *McCoy v. Justice,* 199 N.C. 602, 155 S.E. 452, a letter written by the husband to his wife was excluded, on the ground that the betrayal of confidence by the wife in delivering the letter to a third person did not terminate the husband's privilege.

This is said in Stansbury, North Carolina Evidence, 2d Ed., § 60:

> "A confidential communication between husband and wife is privileged, and neither spouse may be compelled to disclose it when testifying as a witness. Only *confidential* communications are within the rule; hence a communication made in the known presence of a third person, or one relating to business matters which in their nature might be expected to be divulged, is not protected. Furthermore, it must be a 'communication during marriage' . . .
>
> "Prior to *Hagedorn v. Hagedorn* [211 N.C. 175, 189 S.E. 507] in 1937, it was assumed, in accordance with the rule prevailing elsewhere, that both spouses were protected, not only from being compelled to disclose a communication made in confidence between them, but also from disclosure by or through the connivance of the other. Thus it was held that letters passing between a husband and wife could not be admitted in evidence

without the husband's consent where the wife had voluntarily delivered them into the hands of a third person, although the rule was different if the third person obtained the writings without the connivance of either spouse, and there was no objection to a third person's testifying as to a conversation which he overheard, although his presence was not known to the communicating spouses at the time. In the *Hagedorn* case, however, it was held, with little discussion and without citation of supporting authority, that the privilege is that of the witness only, and that if one spouse chooses to testify to a confidential communication the other may not successfully object. It remains to be seen whether this casual and perhaps inadvertent holding has permanently upset a rule of long standing and wide acceptance."

The decision in the *Hagedorn* case is criticized in 15 N.C.L. Rev. 282, in which this language is used: "Will a husband feel free to confide in his wife if she may disclose his confidence on the witness-stand, even over his objection? The Court has, it is submitted, discarded the policy which gave birth to the statute, or, at least, has destroyed the statute as a means of enforcing that policy."

The Court has had no occasion to re-examine the point, although an *obiter dictum* in accord with the decision in the *Hagedorn* case will be found in *Biggs v. Biggs,* 253 N.C. 10, 16, 116 S.E. 2d 178, 183.

*Hunter v. Hunter* (1951), 169 Pa. Super. 498, 83 A. 2d 401, is apposite. That case was a divorce proceeding, and the court held that it was error to admit into evidence a wire recording, made at the plaintiff's instigation, of conversations between the plaintiff and defendant wife in the privacy of their bedroom, since confidential communications between husband and wife cannot be divulged by either spouse without the consent of the other, the court stating that the plaintiff should not be permitted to circumvent this rule by divulging his wife's statements indirectly by mechanical means.

Defendant stated in an affidavit introduced in evidence that "all of these conversations occurred in the presence of their little eight-year-old child." Under the factual situation here, the wife had not waived her privilege. The question for decision here is: Has the veil of confidence been removed by their eight-year-old daughter being present during these conversations?

The tape recordings of the conversations between the plaintiff and defendant on 18 October 1966, on 27 October 1966, and on 1 November 1966 were transcribed by order of the trial judge, and were offered by defendant in evidence. According to these tape recordings, plaintiff used vile and profane language in respect to her husband, in the presence of their eight-year-old daughter.

HICKS *v.* HICKS.

The relation between husband and wife is the most intimate of human relations. It cannot be successfully contended that conversations between husband and wife in the presence of small children, and in particular in the presence of their eight-year-old daughter here, were not intended by them to be privileged. It may be urged that the privilege cannot extend to the tape recorded conversations here between husband and wife made in the presence of their eight-year-old daughter. In our opinion, the policy of G.S. 8-56, as construed by this Court for nearly a hundred years, except for the decision in the *Hagedorn* case and the *obiter dictum* in the *Biggs* case, does not require so narrow a construction. In addition, a reading of the tape recordings in the record shows that during one of these conversations their eight-year-old daughter was "singing or playing in the area." Under the factual situation here, the recorded conversations admitted in evidence were confidential utterances of the wife. The circumstances clearly so stamp them. By admitting this tape recording of plaintiff's conversation, the court enabled defendant to use mechanical means of repeating her words, thus accomplishing indirectly what he could not do directly. G.S. 8-56; 58 Am. Jur., Witnesses, § 381, p. 224; Annot. 63 A.L.R. pp. 118 and 120. Some courts apparently have a contrary view depending upon the competency of the child to comprehend the conversation. See Annot. 63 A.L.R., p. 119.

*If Hagedorn* is applicable here under the factual situation, we are not inclined to follow it, because of our many decisions otherwise since 1838. Nor are we inclined to follow and adopt the *obiter dictum* in the *Biggs* case, where there is a completely different factual situation.

It is our opinion, and we so hold, that the presence of their eight-year-old daughter during these conversations did not destroy the veil of confidence thrown over these confidential conversations between husband and wife, and that these conversations were privileged, and were improperly admitted in evidence by the trial judge.

Their prejudicial effect is shown in the following remarks of the trial judge recorded in the record: "The defendant tendered to the court an electronic tape of three voices, which the defendant testified was made by an electronic device placed in the home of the plaintiff and the defendant, and the court heard this tape over the objection of the plaintiff . . . that the transcription is before the court at this time and is being considered by the court." On another occasion the court remarked, as shown in the record, "Something has gone wrong and that conversation there was a pretty ugly conversation in the presence of that little girl. A good portion of it was in her presence."

It affirmatively appears that the action of the trial judge was influenced by this incompetent testimony. *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668.

For error in the admission of this evidence of the tape recording of plaintiff's conversations with her husband, the plaintiff is entitled to a

New trial.