IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-914

No. COA21-583

Filed 29 December 2022

Mecklenburg County, No. 20 CVS 009628

WRIGHT CONSTRUCTION SERVICES, INC., et al., Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants.

Appeal by Defendants from order entered 30 July 2021 by Judge Donnie Hoover in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 March 2022.

> *Bell, Davis & Pitt, P.A., by Joshua B. Durham, Jason B. James, and Alan M. Ruley, for plaintiff-appellee.*

> *Sigmon Law, PLLC, by Mark R. Sigmon, and Shumaker, Loop & Kendrick, LLP, by Steven A. Meckler and Daniel R. Hansen, for defendants-appellants.*

MURPHY, Judge.

¶ 1          Ordinarily, where a subpoena is issued in North Carolina in connection with a case tried in a different state pursuant to the North Carolina Uniform Interstate Depositions and Discovery Act ("NCUIDDA"), N.C.G.S. § 1F-1, *et seq.*, North Carolina courts have subject matter jurisdiction over the discovery objections of a nonparty to the underlying foreign action. However, since the attorney-client privilege always belongs to the client, discovery objections based on the attorney-client privilege must fall under the jurisdiction of the court where the underlying foreign suit is pending.

Here, where Defendant's counsel objected to discovery after being issued a subpoena pursuant to the NCUIDDA in connection with an ongoing Missouri suit, the Missouri court, not the trial court in North Carolina, had subject matter jurisdiction over the objection, notwithstanding the fact that Defendant's counsel objected only in its own name.

## BACKGROUND

¶ 2        This appeal arises out of a discovery request by Plaintiff Wright Construction Services, Inc., associated with an interstate subpoena pursuant to the NCUIDDA. The foreign action for which Plaintiff sought a subpoena in North Carolina was a Missouri insurance dispute concerning whether Defendant Liberty Mutual, which had issued performance and payment bonds to Plaintiff for a failed construction project, had a right to indemnify Plaintiff for legal fees incurred resolving its claims.

¶ 3        During the Missouri action, Plaintiff sought discovery from Defendant, including "all [Defendant's] correspondence and communications with Shumaker, Loop, & Kendrick[,] [LPP] [("SLK"),]" the law firm representing Defendant in all matters relevant to this case. In response, Defendant produced a ten-page privilege log asserting the attorney-client privilege and work product doctrine. Plaintiff moved to compel, arguing, *inter alia*, that (1) "[r]outine[] investigative documents," of which many of the requested documents allegedly are, "cannot be protected under the work product doctrine" because SLK was operating in the capacity of a claims adjuster; (2)

the documents at issue were "created well before litigation was reasonably foreseeable"; (3) Plaintiff alleged that it acted in good faith in part based on its reliance on counsel, which waives the attorney-client privilege; and (4) "[c]ommon sense requires that, in order to defend against the indemnity claim, [Plaintiff] should obtain discovery into whether [Defendant] acted reasonably in incurring the charges in the first place." After an in camera review of five of the items, the Missouri trial court denied the motion, ruling in an order entered 25 February 2021 that all of the documents were protected under both the work product doctrine and the attorney-client privilege.

¶ 4 However, on 1 November 2019, long before the Missouri court's ruling on Plaintiff's motion to compel, the Missouri court entered a *Commission to Serve Subpoena for Testimony and the Production of Documents* pertaining to SLK, pursuant to which Plaintiff served a subpoena directly on SLK in Mecklenburg County Superior Court in compliance with N.C.G.S. § 1F-3. *See* N.C.G.S. § 1F-3(a)-(b) (2021) ("To request issuance of a subpoena under this section, a party must submit a foreign subpoena to a clerk of court in the county in which discovery is sought to be conducted in this State. A request for the issuance of a subpoena under this act does not constitute an appearance in the courts of this State. . . . When a party submits a foreign subpoena to a clerk of court in this State, the clerk, in accordance with that court's procedure, shall promptly open an appropriate court file, assign a file number,

collect the applicable filing fee pursuant to [N.C.G.S. §] 7A-305(a)(2), and issue a subpoena for service upon the person to which the foreign subpoena is directed."). In doing so, Plaintiff sought "all documents" in SLK's possession pertaining to the construction bonds and the resulting litigation. SLK objected, and Plaintiff moved to compel, with Plaintiff making substantially the same arguments as it made before the Missouri court. However, unlike the Missouri court, which denied the motion entirely, the North Carolina trial court granted the motion in part and denied it in part, producing an itemized list of documents by privileged status. The resulting order, entered 12 April 2021, provided that, "[t]o the extent [it] may conflict with the Missouri [o]rder . . . the Missouri [o]rder shall control."

¶ 5 The following day, on 22 April 2021, Defendant filed a *Motion to Amend or Clarify Order* under Rule 52(b) arguing that, with respect to the conflict provision in the trial court's April order, all documents the trial court ruled were unprotected conflicted with the Missouri order because the underlying theories Plaintiff used to contest the privileged status of the documents in its North Carolina motion to compel were substantially the same as those rejected by the Missouri trial court in its Missouri motion to compel. On 11 May 2021, while that motion was pending, Defendant appealed; and, in a separate order entered 30 July 2021, the trial court clarified that this conflict provision referred only to direct conflicts between specific documents.

¶ 6        Defendant timely appealed from the 30 July 2021 order.

## ANALYSIS

¶ 7        On appeal, Defendant argues that (1) based on N.C.G.S. § 1F-1 *et seq.*, the trial court lacked subject matter jurisdiction over SLK's discovery objection; (2) the trial court erred by failing to make adequate findings of fact and conclusions of law with respect to whether the documents at issue were privileged; and (3) the trial court erred in holding that some of the documents were not protected by the work product doctrine or the attorney-client privilege. For the reasons discussed below, we hold the trial court lacked jurisdiction over SLK's discovery objection, rendering the other issues moot.

¶ 8        Defendant argues the trial court lacked subject matter jurisdiction to hear SLK's discovery objection because, under the terms of the NCUIDDA, only the Missouri court may exercise subject matter jurisdiction over discovery objections. Under N.C.G.S. § 1F-6,

> [a]n application to the court for a protective order or to enforce, quash, or modify a subpoena issued by a clerk of court under [N.C.G.S. §] 1F-3 must comply with the rules or statutes of this State and be submitted to the court in the county in which discovery is to be conducted. Where a dispute exists between the parties to the action, the party opposing the discovery shall apply for appropriate relief to the court in which the action is pending and not to the court in the state in which the discovery is sought.

N.C.G.S. § 1F-6 (2021). Defendant admits that "the North Carolina [trial] court has

jurisdiction to rule on objections from the non-party target of [a] subpoena[,]" but contends that, in this case, because "[b]oth SLK and [Defendant] have objected to the subpoena on privilege and work-product grounds[,]" the "trial court lacked jurisdiction to rule on the objection, and the only court that can resolve Liberty's objections is the Missouri court." In the alternative, Defendant argues that the official comments to N.C.G.S. § 1F-6 indicate its terms should apply in cases such as these where, in asserting a privilege, a party's protection is contingent on the privileged status of a non-party's document. Plaintiff, meanwhile, argues that only SLK, not Defendant, objected to the production of documents in North Carolina, rendering N.C.G.S. § 1F-6 inapplicable.

¶ 9     At the threshold, we clarify that, as a factual matter on the Record, SLK's objection to document production appears to have been on its own behalf and not, in any part, on Defendant's. The only objection to the subpoena—tellingly entitled *Objection <u>of Shumaker, Loop & Kendrick, LLP </u>to Subpoena and Deposition Notice*— neither states nor implies that the objection is being made on behalf of Defendant in a representative capacity. (Emphasis added.) Similarly, the response to Plaintiff's North Carolina motion to compel—entitled *<u>Shumaker Loop & Kendrick's </u>Brief in Opposition to Plaintiff's Motion to Compel*—also makes no mention of speaking for Defendant in a representative capacity. (Emphasis added.) On the other hand, both documents explicitly identify the affected interests as those of SLK itself.

Accordingly, we must evaluate, in light of the fact that SLK objected to discovery only on its own behalf, where jurisdiction over SLK's objection exists under the NCUIDDA.

¶ 10 "Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144 (1992). Here, N.C.G.S. § 1F-6's language indicates that recourse to the court where the original action is pending is required "[w]here a dispute exists between *the parties to the action*[.]" N.C.G.S. § 1F-6 (2021) (emphasis added). Furthermore, it is well-established in our canons of statutory interpretation that, "[u]nder the doctrine of *expressio unius est exclusion alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list." *Cooper v. Berger*, 371 N.C. 799, 810 (2018). Thus, we can infer that, by specifying that a discovery dispute between *parties* to the underlying foreign case must be resolved in the court where the original action is pending, the General Assembly intended that disputes involving a *nonparty* to the underlying case be resolved domestically.

¶ 11 The official comments to N.C.G.S. § 1F-6 support this view. Very explicitly, the example laid out in Comment 1 specifies where jurisdiction exists with respect to both parties and nonparties to the underlying foreign case:

> Example 1: A dispute is pending in Tennessee. Plaintiff, by issuance of a North Carolina subpoena in accordance with [N.C.G.S. §] 1F-3, notices the deposition of defendant's ex-wife, who resides in North Carolina. During the deposition held in North Carolina, plaintiff asks a question

> about information to which the joint spousal privilege applies. The attorneys for the ex-wife and defendant object on grounds of the spousal privilege. If plaintiff believes the privilege has been invoked inappropriately by the ex-wife, plaintiff must resort to the North Carolina court issuing the North Carolina subpoena, which would apply its laws on privilege and its conflicts of laws principles. However, to overcome defendant's objection on grounds of the spousal privilege or to have that information admitted at trial, plaintiff must resort to the trial court in Tennessee, which would apply its own laws, including its conflicts of laws principles.

N.C.G.S. § 1F-6, N.C. cmt. 1 (2021). Comments, while not binding authority, are highly persuasive. *See Crowder Const. Co. v. Kiser*, 134 N.C. App. 190, 206 (1999) ("Consistent with the practice of our Supreme Court, we have given the Commentary 'substantial weight[.]'"); *Porter v. Beaverdam Run Condo. Ass'n*, 259 N.C. App. 326, 332 (2018) ("In interpreting this statutory provision, we are guided by the Official Comment to the statute[] . . . ."). Especially in cases where, as here, the North Carolina Comments corroborate a plain reading of the statute, we see no reason to deviate from the General Assembly's guidance. Accordingly, we hold that a nonparty, when objecting on its own behalf to a subpoena issued in North Carolina pertaining to an underlying foreign case, is ordinarily subject to the jurisdiction of the trial court in North Carolina.

¶ 12 However, having established the general rule under N.C.G.S. § 1F-6, our inquiry is still incomplete as to the facts in this case. In the hypothetical posed by

North Carolina Comment 1, the subpoena issued to the non-party—the ex-wife—seeks documents allegedly protected by the spousal privilege. N.C.G.S. § 1F-6, N.C. cmt. 1 (2021). The ex-wife then objects on her own behalf, which results in North Carolina having jurisdiction over the objection. *Id.* Critically, not only does the ex-wife in this scenario *in fact* object to discovery on her own behalf, but she also raises the spousal privilege—a privilege conceptually belonging, at least in part, to her. *See State v. Godbey*, 250 N.C. App. 424, 430 (2016) (marks omitted) (emphasis added) ("The marital communications privilege is premised upon the belief that the marital union is sacred and that its intimacy and confidences deserve legal protection. Whatever is known by reason of that intimacy should be regarded as knowledge confidentially acquired, and *neither spouse should be allowed to divulge it to the danger or disgrace of the other*.") (quoting *State v. Rollins*, 363 N.C. 232, 236 (2009), and *Hicks v. Hicks*, 271 N.C. 204, 205 (1967)).

¶ 13        Not so here. Although, like the ex-wife in North Carolina Comment 1, SLK objected strictly in its own name, *see supra* ¶ 9, the privilege it invoked does not conceptually belong to it or exist for its benefit. Rather, "[t]he law of privileged communications between attorney and client is that the privilege is that of the client. *He alone is the one for whose protection the rule is enforced.*" *In re Miller*, 357 N.C. 316, 339 (2003) (emphasis in original). In other words, SLK's objection, though in its own name, was *not* for its own benefit; instead, SLK's objection to the production of

documents pertaining to Defendant's representation must necessarily have been for Defendant's benefit, as the privilege belongs to Defendant alone. *See Crosmun v. Trustees of Fayetteville Tech. Cmty. Coll.*, 266 N.C. App. 424, 440 (2019) ("[The attorney-client privilege] is the client's alone[;] . . . '*[i]t is not the privilege of the court or any third party*.'") (quoting *id.* at 338) (emphasis in original).

¶ 14 This, we believe, renders the case at bar distinguishable from the scenario posited in North Carolina Comment 1. While North Carolina courts will ordinarily have jurisdiction over the discovery objections of a nonparty to the underlying foreign action when a subpoena is issued pursuant to N.C.G.S. § 1F-1, *et seq.*, *see supra* ¶¶ 10-11, this general rule does not apply to an attorney objecting on the basis that documents pertaining to her client's representation are privileged. Instead, because the attorney-client privilege always belongs to the client and the client alone, discovery objections based on the client's privilege—even where purportedly invoked only in the name of the attorney—are necessarily "dispute[s] [] between the parties to the action" and must therefore fall under the jurisdiction of the court where the underlying foreign suit is pending. N.C.G.S. § 1F-6 (2021). Accordingly, pursuant to N.C.G.S. § 1F-6, the Missouri court, not the trial court in North Carolina, had subject matter jurisdiction over SLK's objection, notwithstanding the fact that SLK objected only in its own name.

¶ 15 Having determined the trial court lacked subject matter jurisdiction, the

parties' remaining arguments are moot. Furthermore, as "the court must [] have subject matter jurisdiction[] . . . in order to decide a case[,]" we must vacate the order of the trial court and dismiss the case. *In re T.R.P.*, 360 N.C. 588, 590 (2006). SLK must obtain a ruling on its objection by seeking a valid order on the privileged status of the documents at issue from the Missouri court.

## **CONCLUSION**

Under the NCUIDDA, the trial court lacked subject matter jurisdiction over SLK's objection and therefore lacked the authority to enter the challenged order. Accordingly, we vacate the order and dismiss the case.

VACATED AND DISMISSED.

Judges INMAN and GRIFFIN concur.