## J. S. CAMPBELL v. MARY J. CAMPBELL.

(Filed 7 April, 1920.)

1. **Summons— Process— Service— Publication—Pleadings—Extension of Time—Implication—Statutes.**

   Under the "Crisp Act" (sec. 1, ch 304, Laws 1919) to "restore the provisions of the Code of Civil Procedure in regard to Process and Pleadings and to expedite and reduce the cost of litigation," where advertisement of the summons is required, by implication the time for filing answer is extended to twenty days after the completion of the service by publication; and where this time has not been allowed before judgment, it is an irregularity upon the face of the record which entitles the defendant to have it set aside.

2. **Same—Divorce.**

   The provision of Revisal 1564, putting in a denial of the plaintiff's allegations in an action for divorce, does not affect the defendant's right to

twenty days after completion of the service of summons by publication, in which to answer or demur, etc.

3. **Judgments, Set Aside—Irregularities—Meritorious Defense—Findings —Appeal and Error.**

> The denial by the statute of the plaintiff's allegations in an action for divorce, Revisal 1564, presumes, as a matter of law, a meritorious defense, and does not require that this be found by the judge in passing upon a motion to set aside a judgment rendered in an action.

APPEAL by plaintiff from *McElroy, J.,* at August Term, 1919, of SURRY.

This was a motion, heard before *McElroy, J.,* at October Term, 1919, of SURRY, to set aside a judgment, rendered August Term, 1919, granting an absolute divorce to the plaintiff, upon the ground of surprise and irregularity. The motion was allowed, and plaintiff appealed.

*J. H. Folger, R. C. Freeman, and Carter & Carter for plaintiff.*
*Graves & Graves and W. L. Reece for defendant.*

CLARK, C. J. The summons was issued 21 July, returnable 8 August, before the clerk, under the provisions of Laws 1919, ch. 304 (the "Crisp Act") : "To restore the provisions of the Code of Civil Procedure in regard to process and pleadings, and to expedite, and reduce the cost of litigation." The defendant being out of the State, service was ordered to be made by publication. The time required for publication terminated 23 August, 1919.

As section 1 of said act provides that the summons shall be made returnable before the clerk "at a date named therein, not less than 10 days, nor more than 20 days from the issuance of said writ," and service by publication not having been completed on 8 August, the time was necessarily extended by operation of law till the expiration of the four successive publications required by statute to perfect service. The complaint was filed 21 July, and publication being completed by 23 August, the defendant was entitled to 20 days thereafter to answer or demur.

This is the clear meaning and intent of this statute, and was so held by *Walker, J.,* in *Lumber Co. v. Arnold, ante* 269. We repeat it, as the profession is desirous of a construction of the statute, wherever there is any possibility of a doubt.

The defendant being entitled to 20 days from 23 August in which to answer or demur, the case could not stand for trial at the term of court beginning 25 August, unless the defendant had waived it by an appearance, or by filing a demurrer or answer.

This was an irregularity upon the face of the record, and the judgment was properly set aside on that ground. We may say that exactly the

same proceeding should be followed where there is an attachment issued and publication thereof as the basis of service. Such publication requiring a longer time than the twenty days specified for the return of the summons before the clerk, as a matter in due course, the cause stands over until the publication is completed, after which date the defendant is entitled to 20 days, if he so elect, in which to file his answer or demurrer unless he shall raise an issue by filing a demurrer or answer within less time.

The plaintiff in this case insists that, this being an action for divorce, the law puts in a denial, and therefore the defendant was not entitled to "20 days in which to answer or demur." We do not so understand the law. Rev., 1564, provides: "The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of plaintiff on any such complaint until such facts have been found by a jury." The object of this statute was to prevent judgment being taken by default, or by collusion, and to require the facts to be found by a jury. It certainly was not intended thereby to deprive the defendant of the right given to every other defendant of 20 days in which to file complaint or answer. If at the end of such 20 days no answer or demurrer is on file, the plaintiff is entitled to judgment by default final, or by default and inquiry, as the case may be, in all other actions, but in divorce cases if no answer or demurrer is filed within 20 days the law provides that the complaint is nevertheless deemed denied, and its material allegation must be proven to the satisfaction of the jury.

Within the 20 days the defendant may file an answer going beyond the bare legal denial presumed by law, for she may set up affirmative defenses such as invalidity of marriage, justification, condonation, connivance, recrimination, and statute of limitations. 14 Cyc., 671.

Under the original Code of Procedure, adopted in 1868, the intention was to simplify and expedite the trial of causes and to reduce the expense of legal proceedings, the most marked features of this new procedure probably were:

1. The abolition of the distinction between law and equity, and between forms of actions, and to provide that there should be only one form of action. Const., Art. IV, sec. 1.

2. The other striking feature of the new procedure was that all summonses should be returnable before the clerk, and that all pleadings should be made up and perfected before him; that when an issue of law is raised an appeal should lie to the judge at chambers, and be promptly acted on by him and returned. And further, that when an issue of fact arose upon the pleadings, and in such cases only, the cause

should be transferred to be tried before the judge at term. This eliminated very much delay and expense in legal proceedings, for no cases could be on the docket before the judge at term for trial except those in which issues of fact had been formulated before the clerk by the pleadings.

This system has been continued in all the States, unchanged, in which the new procedure had been adopted, it is believed, except in this State. In this State, at that time, our people were much embarrassed by the results of the war, and instead of desiring expedition in the determination of actions there was a desire to put off as long as possible the rendition of judgments for debt. Accordingly, what was commonly known as the "Batchelor Act," entitled, "An act suspending the Code of Civil Procedure in certain cases," ch. 76, Laws 1868-9, ratified 22 March, 1869, was enacted, which provided that summonses should be made returnable to the term instead of before the clerk. This act provided, sec. 13, that the suspending act should be temporary and in force only "until 1 January, 1871." But, owing to the financial conditions of the time, it was later continued indefinitely, and then by oversight, though contradictory to the concept and intent of the Code of Civil Procedure (which required all process to be issued returnable before the clerk), it has endured to this time though such anomaly has not obtained, it is believed, in any other State.

The suspending act was discussed in *McAdoo v. Benbow*, 63 N. C., 461, there being a dissent upon the ground that the act was unconstitutional. The statute of 1919, ch. 304, known as the "Crisp Act," was intended, as expressed in its title, simply "To restore the provisions of the Code of Civil Procedure in regard to process and pleadings, and to expedite, and reduce the cost of, litigation." The suspending act was an anomaly grafted upon the simple and expeditious system of the Code of Civil Procedure, as it was originally adopted here, and as it has continued to prevail in all the other States that adopted it. Such suspension was intended, as stated in the act, to be temporary.

The motion to set aside the judgment was made upon the ground of surprise, and also for irregularity. But the latter ground being sufficient, the other defect need not be discussed, and indeed seems not to have been considered by the judge.

It is true that in a proceeding to set aside a judgment, either for irregularity or excusable neglect, the mover must show that it has a meritorious defense. *Miller v. Curl,* 162 N. C., 1; *Currie v. Mining Co.,* 157 N. C., 209; *Scott v. Life Asso.,* 137 N. C., 516. But that does not apply as to an action for divorce, for it is presumed as a matter of law that there is a meritorious defense, and the facts must be found by a jury under proceedings that are regular on their face.

Affirmed.