ANNIE LEE ALBRITTON v. B. G. ALBRITTON.

(Filed 20 May, 1936.)

**1. Evidence D f—Evidence held competent as corroborating plaintiff's testimony.**

In this action for alimony without divorce, plaintiff testified that her husband had repeatedly struck her in the face and that she was in constant fear of him. A witness for plaintiff was allowed to testify that plaintiff had a black eye and appeared to be nervous. *Held:* The testimony was competent as tending to corroborate plaintiff's testimony.

**2. Divorce D d—Evidence of defendant's good treatment of first wife held irrelevant to issue and was properly excluded.**

In this action for alimony without divorce, plaintiff testified that defendant, while beating her, stated he had killed his first wife and got away with it, and that he was going to kill her, and another witness for plaintiff testified that defendant's reputation was good as to outsiders, but was cruel to both his wives. Defendant excepted to the exclusion of his testimony to the effect that his treatment of his first wife was good. *Held:* Defendant's treatment of his first wife was irrelevant to the issue and was properly excluded, and such evidence was not rendered competent as tending to contradict plaintiff's witnesses, defendant having availed himself of the proper method of contradicting their testimony by denying he had made the statement to his wife and by showing that his general reputation was good.

**3. Appeal and Error J e—**

The exclusion of testimony, if erroneous, is rendered harmless when the same witness is thereafter allowed to testify to the same import on redirect and cross-examination.

**4. Evidence M a—**

While the questioning of a character witness must be limited to the general character of the party in question, the witness may voluntarily qualify his testimony by giving the party's reputation, good or bad, for particular traits.

**5. Trial E f—**

An objection to the statement of the contentions of a party by the trial court must be brought to his attention in apt time to afford an opportunity for correction in order to be considered on appeal.

**6. Trial E c—**

The statement of the contentions of a party in the charge in this case *is held* to clearly designate them as contentions, and appellant's assignment of error on the ground that the court should have further explained that they were not statements of law or an expression of opinion by the court, is untenable.

**7. Divorce E c—Adultery prior to marriage is no defense to suit for alimony without divorce.**

In this suit for alimony without divorce, the court charged the jury that evidence of plaintiff's misconduct prior to marriage was immaterial,

and that the question for them to determine upon the defense of adultery was whether plaintiff had been guilty of adultery subsequent to her marriage to defendant. *Held:* The instruction correctly stated the law applicable to the issue, and did not eliminate from the jury's consideration the evidence of plaintiff's misconduct subsequent to the marriage.

**8. Trial E f—**

An exception to the charge on the ground that more time was taken in stating plaintiff appellee's contentions than in stating defendant appellant's contentions is untenable as a "broadside exception," in the absence of a statement of instructions or contentions of appellant which should have been contained in the charge.

**9. Divorce E c—Plaintiff need establish but one ground for divorce a mensa in suit for alimony without divorce.**

In this suit for alimony without divorce, the first issue related to the marriage of the parties, the next three issues to separate alleged acts of defendant, each of which would constitute grounds for divorce *a mensa et thoro*, and the fifth issue to the alleged adultery of plaintiff. Upon the jury's failure to reach an agreement, the court instructed them that if they had reached an agreement on the first and fifth issues and on any one of the second, third, or fourth issues, they should return such answers as their verdict. *Held:* An exception to the action and charge of the court is untenable, since plaintiff would be entitled to recover if the issue of marriage and the issue of adultery were found in her favor, together with a favorable finding on any one of the other issues, C. S., 1667, only one ground for divorce *a mensa et thoro* being necessary to support a judgment for alimony without divorce.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Barnhill, J.,* at February Term, 1935, of PITT. No error.

This is an action instituted by a wife to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband, under section 1667 of the Consolidated Statutes. The plaintiff alleged and offered evidence tending to prove that her husband, the defendant, offered such indignities to her person as to render her condition intolerable and her life burdensome, and maliciously turned her out of doors, and wrongfully abandoned her. The defendant made general denial of the plaintiff's allegations and, by amended answer, alleged that the plaintiff had committed adultery since her marriage to him, and offered evidence tending to establish such allegation.

The court submitted the following issues:

"1. Were the plaintiff and the defendant legally married, as alleged in the complaint?

"2. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome, as alleged in the complaint?

"3. Did the defendant, on 6 November, 1933, wrongfully, unlawfully, maliciously, and without cause upon the part of the plaintiff, turn the plaintiff out of doors, as alleged in the complaint?

"4. Did the defendant wrongfully and unlawfully abandon the plaintiff, as alleged in the complaint?

"5. Did the plaintiff commit adultery, as alleged in the answer?"

The jury answered the first and third issues "Yes," and the fifth issue "No," and under instructions of the court left the second and fourth issues unanswered.

From judgment directing that he allot, pay, and secure reasonable subsistence and counsel fees to the plaintiff, the defendant appealed, assigning errors.

*Albion Dunn and Cooley & Bone for plaintiff, appellee.*

*Gaylord & Hannah, Charles Whedbee, and Julius Brown for defendant, appellant.*

SCHENCK, J. The appellant makes nine assignments of error and brings them all forward in his brief. The first four are to the court's rulings upon the admission and the exclusion of evidence, the next four to portions of the charge, and the last to the refusal of the court to set aside the verdict and to the judgment as rendered.

The first assignment of error to the rulings upon the evidence (exceptions 2 and 3) is to the court's permitting a witness, Mrs. Stokes, to testify that she saw the plaintiff and saw that she had a black eye and that she was nervous. This evidence was competent to corroborate the plaintiff, who had previously testified that her husband had repeatedly struck her in the face, and that she was in constant fear of him. "Evidence which would be inadmissible to prove the main facts in issue may often be admitted to corroborate a witness." Lockhart's N. C. Handbook of Evidence, par. 282, p. 334.

The second assignment of error to the rulings upon the evidence (exceptions 4, 5, 6, and 7) is to the refusal of the court to allow certain witnesses to testify in effect that the treatment by the defendant of his first wife, now deceased, was good. The defendant contends that such testimony was rendered competent because the plaintiff had testified that the defendant had told her, while beating her, that he killed his first wife and got away with it, and that he was going to kill her, and because Mrs. Tucker, a witness for the plaintiff, had testified: "It (the general character of the defendant) is very good as to outsiders, but very cruel to both of his wives, is what I have always heard." This assignment is untenable. The issues in this case involved the defendant's treatment of

the plaintiff, his present wife, and not his treatment of his former wife, now dead. It was competent for the plaintiff to testify what the defendant said to her as tending to establish an "indignity to her person," and the defendant was at liberty to deny, as he did, the making of such statement. The statement made by Mrs. Tucker was admissible as a voluntary qualification of her testimony as to the general character of the defendant. It was open to the defendant to meet this evidence, as he did, with evidence tending to show his good character and general reputation.

The third assignment of error to the rulings upon the evidence (exception 9) is to the court's sustaining an objection to the question propounded to and the answer made by the witness Parkerson, as follows: "Q. Have you seen them there before? A. Several times before she was married." The persons referred to in the question were the plaintiff and a man not her husband and the place referred to was the place where the witness had testified that he had seen the plaintiff and this man in the act of adultery about 20 days before her separation from her husband, the defendant. It would seem that this evidence was incompetent, since the issue was whether the plaintiff had committed adultery after her marriage to the defendant, but, however that may be, any error, if committed, was rendered harmless by the later testimony of the same witness, both on cross and redirect examination, when he said that he had seen the plaintiff and this same man go to the same place three or four times and have sexual intercourse before the plaintiff married the defendant. *Baynes v. Harris,* 160 N. C., 307; *Eaves v. Coxe,* 203 N. C., 173 (177).

The fourth assignment of error to the rulings upon the evidence (exception 10) is to the court's overruling an objection to the testimony of the witness, Mrs. Tucker, as to the character of the defendant. The record is as follows: "Q. Do you know his (defendant's) general reputation? A. Yes, sir. Q. What is it? A. Very good to outsiders, but very cruel to both wives, is what I have always heard." This assignment is untenable. While a witness on direct examination can only be asked about general character, "the witness may say on his own motion what a person's character is good or bad for—give particular traits—but cannot be asked about such particular traits on direct examination." Lockhart's N. C. Handbook of Evidence, par. 195, p. 231.

The fifth assignment of error (exception 11) is to that portion of the charge as follows: "Plaintiff contends that even if you find that she had been unfaithful to him on the occasion testified to by one of the witnesses, that the defendant himself testified that he did not know it at that time, and didn't find out until after the separation, and that, therefore,

his conduct was not caused by her infidelity, and his treatment was not provoked and not caused by any conduct of hers, and that you should answer that issue 'Yes.'" The objection upon which this assignment is based cannot be sustained since it was a statement of a contention and was not called to the attention of the court during the course of the trial. An objection to a statement of a contention must be made promptly in order to give the court an opportunity to make correction, and if not so made, such objection will be considered as waived. *S. v. Sinodis,* 189 N. C., 565 (571). We do not agree with the appellant that this contention was so stated as to call for an explanation from the court that he was not stating the law or was not expressing an opinion. The contention was clearly presented and was amply supported by the evidence.

The sixth assignment of error (exception 12) is to the charge and is directed to the following statement: "The fifth issue is based upon the affirmative defense set out in the answer. He alleges that during the period of coverture the plaintiff committed adultery. The fifth issue is, 'Did the plaintiff commit adultery, as alleged in the answer?' That is, did she commit adultery during the period of coverture, that is, after she was married? There is some evidence of her misconduct prior to the marriage. Even if that was so, that would be no defense to this question. The question is for you to say whether after she was married to him she was unfaithful, that is, whether she had carnal knowledge of some other man."

The appellant says in his brief that "This statement of the court completely eliminated the evidence of the witness Parkerson that he had seen the plaintiff and Coy Smith at or near his hog pen a number of times, prior to her marriage, it being the same place where he testified he saw them have intercourse after her marriage." We are at a loss to see how this statement "eliminated" any evidence. It appears to us, and we so hold it to be a correct statement of law applicable to the fifth issue.

Under the seventh assignment of error (exception 13), which is to the charge, the appellant urges as error that, in stating the contentions of the parties, the court utilized only two-thirds of a page in stating the defendant's contentions and utilized two pages in stating the plaintiff's contentions. The defendant presented no written request for special instructions and asked for the presentation of no other contentions, and does not now state what instructions or contentions not given should have been given. "Unpointed" and "broadside" exceptions to the charge cannot be maintained. *Rawls v. Lupton,* 193 N. C., 428, and cases there cited.

---

ALBRITTON *v.* ALBRITTON.

---

The eighth assignment of error (exception 14) is to the action and charge of the court, as indicated from the following excerpt from the record: "After the jury had been out for some time, the court sent for the jury and inquired of them in open court whether they had been able to agree. The jury responded that they had not. The court then inquired whether the jury could agree on either one of the 2d, 3d, or 4th issues. They responded in the affirmative. The court then instructed the jury that if they could agree upon the first and fifth issues and on either the 2d, 3d, or 4th issues, and they answered either the 2d, 3d, or 4th issues 'Yes,' then they could return that as their verdict."

The second, third, and fourth issues presented three separate grounds for divorce *a mensa et thoro*. All of these grounds were alleged in the complaint, but it was not necessary for the plaintiff to establish all of them in order to sustain her action. It was sufficient under the statute, C. S., 1667, if she established the defendant's guilt of any of the acts that would constitute a cause for divorce from bed and board as enumerated in C. S., 1660.

By its affirmative answer to the third issue, the jury found that the defendant unlawfully, maliciously, and without cause turned the plaintiff out of doors, as alleged in the complaint. The establishment of this fact, together with the fact of the marriage and the finding against the defendant on his defense of adultery, was all that was necessary to support a judgment in favor of the plaintiff for alimony without divorce. This being true, it was useless to have the jury continue its consideration of the second and fourth issues. Even if the jury had answered both of these issues against her, the plaintiff would still have been entitled to judgment, and for that reason the defendant suffered no harm by the failure of the jury to answer the second and fourth issues.

The ninth assignment of error (exception 16) is directed to the refusal of the court to set aside the verdict and to the judgment as rendered. This assignment is formal and its disposition follows the disposal made of the assignments that preceded it.

This is an action in which the evidence was conflicting and in which clear cut issues of fact were presented. The jury, in a trial free from prejudicial error, have answered these issues in favor of the plaintiff and against the defendant, and the defendant must abide the consequences.

No error.

DEVIN, J., took no part in the consideration or decision of this case.