WILSON S. LOCKHART v. KATHERINE LOCKHART.

(Filed 28 April, 1943.)

1. Pleadings § 28—

A judgment on the pleadings, in favor of the defendant on an affirmative defense, can be approved only when the allegations of fact in plaintiff's pleadings and relevant inferences of fact deducible therefrom, construed liberally in his favor, fail in all material respects to make out a case.

2. Divorce § 5—

In an action for divorce on the grounds of two years separation, Public Laws 1937, ch. 100, C. S., 1659 (a), where complaint alleges sufficient facts and defendant in her answer sets up a divorce *a mensa* with alimony granted her on the grounds of abandonment, to which plaintiff replied without admission of wrongful or unlawful conduct on his part, a judgment for defendant on the pleadings is erroneous, as there are issues of' fact raised to be tried by a jury.

APPEAL by plaintiff from *Thompson, J.,* at March Term, 1943, of WAKE. Reversed.

This was an action for divorce on the ground of two years' separation, under ch. 100, Public Laws 1937. Sufficient facts are alleged in the complaint to entitle plaintiff to the relief prayed.

The defendant filed answer setting up a judgment in a previous suit between the parties, rendered in 1940, wherein the defendant was granted a divorce *a mensa* with alimony on the ground of abandonment. This judgment was pleaded as a bar to plaintiff's present action.

To this affirmative defense the plaintiff replied that his present cause of action was based upon two years' separation for a period beginning subsequent to the judgment of 1940. Plaintiff also alleged that he had complied with the terms of the judgment as to the support of the defendant.

Upon defendant's motion, judgment was rendered on the pleadings, dismissing the plaintiff's action. Plaintiff appealed.

*F. J. Carnage and Thos. W. Ruffin for plaintiff.*
*Frank P. Spruill, Jr., for defendant.*

DEVIN, J. The case comes to us upon appeal from a judgment on the pleadings in favor of the defendant. The ruling of the court below was bottomed upon the view that as a matter of law plaintiff could not maintain his action, and that there was no issuable fact to be tried by a jury. C. S., 556.

A judgment on the pleadings, in favor of the defendant on an affirmative defense, can be approved only when the allegations of facts contained

in the plaintiff's pleadings and relevant inferences of fact deducible therefrom, construed liberally in his favor, fail in all material respects to make out a case. *Adams v. Cleve,* 218 N. C., 302, 10 S. E. (2d), 911; *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419.

An examination of the plaintiff's complaint and reply in this case leads us to the conclusion that defendant's motion for judgment on the pleadings was improvidently allowed. While the defendant sets up in her answer a plea which, if established, would constitute a bar to the plaintiff's action, the only admission by the plaintiff in his reply is that the previous judgment of divorce *a mensa* was by consent, and that his present action is based upon a separation which began subsequent thereto, and which has continued for two years next preceding the institution of this action, in January, 1943. There is no admission that his cause of action is based upon his own wrongful and unlawful conduct. *Brown v. Brown,* 213 N. C., 347, 196 S. E., 333, and *Byers v. Byers, ante,* 85. The pleadings raise issues of fact to be tried by jury.

The judgment rendered on the pleadings must be

Reversed.