HELEN RAY WORKMAN v. BILLIE SHIPLER WORKMAN.

(Filed 12 October, 1955.)

1. Pleadings § 19c—

   If any portion of the complaint alleges facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be reasonably and fairly gathered from it, the pleading will survive demurrer.

**2. Divorce and Alimony § 5d—**

Allegations that defendant had abandoned plaintiff and failed to provide adequate support for her are sufficient without a specific allegation that the abandonment was wilful, since abandonment imports wilfulness.

**3. Appeal and Error § 6c (1)—**

Where there is no exception or assignment of error to an order entered in the cause, the Supreme Court need not consider such order on appeal from the overruling of demurrer.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Patton, Special Judge,* May Term, 1955, of MECKLENBURG.

This action was instituted on 29 April, 1955, pursuant to the provisions of G.S. 50-16, for alimony without divorce and for the custody of Mary Lou Workman, an infant of the marriage.

The defendant filed a demurrer to the complaint for that it fails to state a cause of action against the defendant and that it affirmatively appears on the face of the complaint that the court has no jurisdiction of the person of the child of the parties, the child being in the State of Iowa. The demurrer was overruled and the defendant appeals, assigning error.

*Ralph V. Kidd and William T. Grist for plaintiff, appellee.*
*Charles M. Welling and Amon M. Butler for defendant, appellant.*

DENNY, J. A demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, should be overruled if the complaint, when liberally construed in favor of the pleader, as it must be on demurrer, G.S. 1-151, alleges facts sufficient to constitute a cause of action. Or to put it another way, if any portion of the complaint alleges facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be reasonably and fairly gathered from it, the pleading will survive the demurrer. *Bryant v. Ice Company,* 233 N.C. 266, 63 S.E. 2d 547, and cited cases.

The plaintiff's complaint, when liberally considered in favor of the pleader, alleges that the defendant abandoned the plaintiff on 5 December, 1954, and has failed to provide adequate support for her. *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923. The contention that the complaint does not allege that the abandonment was wilful is without merit. Abandonment imports wilfulness. *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909.

No exception was entered to the order signed on 29 April, 1955, directing the defendant to produce Mary Lou Workman, the infant child of

the marriage, before the court, on 16 May, 1955, in order that the question of her custody might be determined. Therefore, we are not called upon to consider that order on this appeal. Even so, see *In re Fitzgerald, post,* 732. The appellant only assigns as error the order of the court entered on 10 May, 1955, overruling his demurrer. Hence, the ruling of the court below will be upheld.

Affirmed.     '

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.