SAMUEL REID PRUETT v. LUCY LORAINE PRUETT.

(Filed 30 October, 1957.)

1. **Appeal and Error § 22—**
   An exceptive assignment of error that the court erred in finding the facts as contained in the judgment is broadside.

2. **Appeal and Error § 49—**
   Where appellant makes no contention that the evidence was insufficient to support the findings of fact or any of them, the facts as set forth by the lower court will be accepted as established.

3. **Divorce and Alimony § 5a—**
   While the 1951 amendment to G.S. 50-8 eliminated the requirement that jurisdictional affidavit be filed with the complaint, it is required that the complaint, in addition to stating grounds for divorce, allege as constituent elements of the cause of action that complainant has been a resident of the State for at least six months next preceding filing of the pleading and, except where the action is based on two years separation, that the facts set forth as ground for divorce have existed

PRUETT *v.* PRUETT.

to complainant's knowledge for at least six months prior to the filing of the pleading, and such facts must be established by verdict of jury. G.S. 50-10.

4. **Divorce and Alimony § 22: Judgments § 27c: Courts § 9—**

Where, in an action for divorce, the complaint is properly verified and the court has jurisdiction of the parties and the subject matter, any error of the court in submitting an issue of abandonment when such ground for divorce is not supported by allegation, is an error of law, which may be corrected only by appeal, and another Superior Court judge may not set aside the judgment for such error at a subsequent term.

5. **Courts § 9: Divorce and Alimony § 22—**

A decree of divorce may be attacked directly by motion in the cause or collaterally when it appears on the face of the record that the court did not have power or jurisdiction to render the decree because the verdict did not establish all the facts prerequisite to a valid decree. If such decree is vacated, the verdict remains undisturbed and the cause remains in the trial court for further hearing as to the essential issuable facts not theretofore determined.

6. **Divorce and Alimony § 5c—Allegations held sufficient averment that ground for divorce had existed to complainant's knowledge for six months prior to filing of pleading.**

While, in an action for divorce *a mensa*, it is advisable that the pleading allege that the facts set forth therein as ground for divorce had existed to complainant's knowledge for at least six months prior to the filing of the pleading in accordance with the language of the statute, where the wife's pleading in her cross-action for divorce *a mensa* alleges gross mistreatment of her by him culminating in his locking her out of her home and ordering her away on a specified date more than six months prior to the filing of the pleading, with verification that the facts alleged therein are true to her own knowledge, her pleading will be held sufficient on this aspect.

7. **Same—**

Where the wife's pleading in her cross-action for divorce *a mensa* alleges gross mistreatment of her by him culminating in his locking her out of her home and ordering her away, the facts alleged are sufficient to constitute a wilful abandonment as a matter of law, and the pleading will be held sufficient on this aspect even though her pleading does not use the word "abandonment" or the word "wilful."

8. **Same—**

It is not required that the wife's pleading in her cross-action for divorce *a mensa* on the ground of abandonment allege that his failure to provide her adequate support had existed to her knowledge for at least six months prior to the filing of her pleading, since failure to provide adequate support is not an essential element of abandonment.

9. **Divorce and Alimony § 1b—**

While the husband's wilful failure to provide adequate support for his wife may be evidence of his abandonment of her, the mere fact that he provides adequate support for her does not negative abandonment as used in G.S. 50-7(1), abandonment under G.S. 50-7(1) not being synonymous with the criminal offense defined in G.S. 14-322.

**10. Divorce and Alimony §§ 1b, 5c—**

Where the wife's allegations in her cross-action for divorce *a mensa* are sufficient to establish wilful abandonment as a matter of law, G.S. 50-7, G.S. 50-7(1), G.S. 50-7(3), the court properly submits such issue upon supporting evidence, and it is immaterial that her pleading purported to state a cause of action for divorce *a mensa* under G.S. 50-7(3), or that her allegations were insufficient to allege a cause of action for divorce on that ground, since she is required by law to establish only one of the grounds for divorce *a mensa* specified in G.S. 50-7.

**11. Divorce and Alimony § 22—**

Where the wife's pleading in her cross-action for divorce *a mensa* sufficiently alleges the jurisdictional residence of the parties, facts constituting abandonment, G.S. 50-7(1), and that such facts had existed to her knowledge for more than two years prior to the institution of the action, and the jury finds that the husband had wilfully and without just cause abandoned the wife and failed to provide adequate support for her as alleged in her further answer and defense, *held*, the face of the record discloses that the decree of divorce *a mensa* in her favor was supported by sufficient facts found by the jury, and the decree is not subject to attack on such ground.

**12. Divorce and Alimony § 2a—**

Where, in the husband's action for divorce on the ground of two years separation, decree is entered in favor of the wife on her cross-action for divorce *a mensa* on the ground of his abandonment of her, such decree is a final judgment determining all issues raised by the pleadings, except possible modifications as to the amount of alimony, and a subsequent decree of absolute divorce in his action, entered without knowledge of the intervening decree of divorce *a mensa,* is void for want of jurisdiction.

**13. Same—**

A husband is not entitled to a decree of absolute divorce on the ground of two years separation within two years from the entry of a decree of divorce *a mensa* in favor of the wife on the ground of abandonment, since the decree in her favor establishes that the separation was caused by the husband's wilful abandonment, precluding his right to absolute divorce on the ground of such separation. But the decree of divorce *a mensa* legalizes the separation, and after the expiration of two years from the rendition of such decree, the husband may maintain an action for absolute divorce.

**14. Courts § 9: Judgments § 17d—**

When a judgment has been entered, based on a verdict which determines all issues raised by the pleadings, the cause has been fully determined, and the court at a subsequent term has no jurisdiction to proceed further with reference to the issuable facts therein determined.

APPEAL by plaintiff from *Sharp, Special Judge,* second week of 12 August, 1957, Schedule B Civil Term, of MECKLENBURG.

Plaintiff's appeal is from Judge Sharp's judgment of 23 August, 1957, wherein she sets forth the facts upon which the judgment is predicated, viz.:

"This cause coming on to be heard . . . upon a motion filed by the plaintiff on August 9, 1957, to set aside a divorce *a mensa*

granted to the defendant in this cause on June 11, 1957, by Judge Dan K. Moore, and a jury, and the order of Judge J. Frank Huskins, signed June 3, 1957, said motion being duly and regularly calendared for hearing, and being heard upon the record and statements of counsel made in open Court during the hearing, and the Court finds the following facts:

"1. That at this hearing the plaintiff is represented by Mr. Charles T. Myers; that Mr. L. L. Caudle was his attorney of record and signed the complaint in this case which was filed on May 13, 1957, and is present in Court at this hearing and is still attorney of record; that Mr. Myers has been employed by the plaintiff since August 5, 1957, the date on which his Honor J. Will Pless, Jr. signed an order directing the plaintiff to show cause why he shouldn't be adjudged in contempt of Court for failure to pay the alimony ordered by Judge Moore; that the defendant is represented by Mr. Hugh McAulay, her attorney of record since the institution of this action;

"2. That the case was instituted on May 13, 1957, when the plaintiff filed a complaint in which he prayed for a divorce on the grounds of two years' separation; that on May 21, 1957, the defendant filed an answer in which she denied the plaintiff's right to a divorce and set up a cross action for a divorce *a mensa* and alimony;

"3. That on June 3, 1957, Judge J. Frank Huskins entered an order which appears of record allowing the plaintiff $15.00 a week for her support and subsistence *pendente lite;*

"4. That this case came on for trial on June 11, 1957, before his Honor Dan K. Moore and a jury, at which time the jury answered the issues in favor of the defendant and the judgment which appears of record and is recorded in Minute Book 85, page 392, was signed by Judge Moore granting the defendant a divorce from bed and board from the plaintiff and ordering him to pay the sum of $12.50 a week for the support of his wife;

"5. That at the trial of the case on June 11, 1957, the plaintiff was represented by his attorney of record, L. L. Caudle, and the defendant was represented by her attorney of record, Mr. Hugh McAulay; that she introduced evidence in support of her allegations in the answer; that counsel for plaintiff informed Judge Moore that he did not desire at that time to prosecute his action against the defendant for an absolute divorce, and informed the Court that plaintiff had no evidence to introduce and no objection to the jury answering the issues which were submitted to the jury in favor of the defendant; that the issues which appear of record were duly submitted to the jury and answered in favor of the defendant;

"6. That thereafter on June 25, 1957, counsel for the plaintiff had this case calendared as an uncontested divorce case for

trial on June 25, 1957; that the case came on for trial along with many other uncontested divorce cases; that counsel for the plaintiff stated to the Court that a judgment had heretofore been entered providing for the support of the defendant and that it was understood by the plaintiff that the divorce would be granted subject to the existing order for defendant's support; that plaintiff understood he had to support defendant and consented thereto; that the Court was not informed that a divorce *a mensa* had, on June 11, been granted to the defendant in this same action and that issues had been answered against the plaintiff in this action; that the Court, under a complete misapprehension of the facts, submitted to the jury the usual three issues in an uncontested divorce case based on the grounds of two years' separation and the jury answered them in favor of the plaintiff and a judgment of absolute divorce was signed by the Court based upon the issues submitted; that the defendant was not present or represented at the hearing of the case on June 11, although her counsel Mr. McAulay states to the Court that he knew the case was calendared for trial as an uncontested divorce case but he thought he had no further obligation in the matter or duty to inform the Court that a divorce *a mensa* had been granted the defendant;

"7.  That counsel for the plaintiff has stated to the Court that he acted in good faith and was ignorant of the fact that his client was not entitled to secure a divorce on the grounds of two years' separation in the same case in which his wife had secured a divorce *a mensa* on the grounds of his wilful abandonment, and the Court accepts his statement.

"Upon the foregoing findings of fact, the Court holds that the judgment of absolute divorce entered on June 25, 1957, was entered contrary to the practice of the Court; that on the record the plaintiff was not entitled to a divorce on the grounds of two years' separation; that the Court, having granted defendant a divorce *a mensa,* was without jurisdiction to grant plaintiff an absolute divorce in the same action; that said divorce is void and of no effect and should be set aside.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment of absolute divorce signed by the undersigned on June 25, 1957, be, and the same is hereby set aside, declared null and void and ordered stricken from the records of this Court.

"The motion of the plaintiff to set aside the judgment of his Honor Judge Dan K. Moore dated June 11, 1957, and the order of his Honor Judge J. Frank Huskins dated June 3, 1957, is in all respects hereby overruled and disallowed."

Plaintiff excepted and appealed.

*Charles T. Myers for plaintiff, appellant.*
*Hugh M. McAulay for defendant, appellee.*

BOBBITT, J. Plaintiff's exceptive assignment of error, "That the Court erred . . . in finding the facts . . . as contained in Judgment," is broadside. *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421. Moreover, plaintiff, in his brief, makes no contention that the evidence was insufficient to support the findings of fact or any of them. Hence, we accept as established the facts as set forth in the court's findings. *In re Estate of Cogdill,* 246 N.C. 602, 99 S.E. 2d 785.

The sole question for decision is whether the findings of fact and the facts appearing on the face of the record proper are sufficient in law to support the judgment.

The record of the trial on 11 June, 1957, before Judge Moore, shows that the jury answered issues establishing the marriage and the required residence and in addition thereto answered. this crucial issue: "2. Did the plaintiff, wilfully and without just cause, abandon the defendant and fail to provide adequate support for her, *as alleged in the Further Answer and Defense of the defendant?* Answer: Yes." (Italics added.) The judgment, granting to defendant a divorce from bed and board, recites that the cause was heard "upon the cross action of the defendant," to wit, the issues raised by defendant's answer and plaintiff's reply thereto.

The grounds on which plaintiff based his motion to set aside Judge Moore's judgment of 11 June, 1957, are these: (1) That defendant, in her cross action, failed to allege that the facts set forth therein as grounds for a divorce from bed and board had existed to her knowledge for at least six months next preceding the filing of her pleading, and that no issue relating to this essential allegation was submitted to the jury. (2) That defendant, in her cross action, purported only to set up a cause of action for divorce from bed and board under G.S. 50-7(3), to wit, that by cruel and barbarous treatment he had endangered her life, and that her allegations were insufficient to state a cause of action on this ground. (3) That defendant, in her cross action, failed to allege that plaintiff abandoned her or that his conduct was wilful; that she failed to allege any specific time when she called on him for support or when he failed to provide adequate support; and that she failed "to specifically set forth the circumstances under which the purported violence was committed, what her conduct was, and especially what she had done to provoke such conduct on the part of her husband."

The verdict (second issue) established that plaintiff, wilfully and without just cause, abandoned defendant and failed to

provide adequate support for her "as alleged" in the Further Answer and Defense of the defendant."

Before examining the allegations of the cross action to determine what facts were alleged therein by defendant and established by the verdict, attention is called to the fact that the General Assembly, by Ch. 590, 1951 Session Laws, rewrote G.S. 50-8. Prior to the 1951 Act, the court acquired no jurisdiction of an action for divorce, absolute or from bed and board, unless the plaintiff filed with the complaint an affidavit containing required statutory averments. Since such affidavit was a prerequisite to jurisdiction, the jurisdiction of the court was subject to challenge either before or after judgment on the ground that the required statutory averments, although set forth sufficiently, were in fact false. Upon such challenge, questions of fact to be resolved by the court were presented. Thus, the distinction was drawn between the material facts constituting the cause of action to be alleged in the complaint, which were for jury determination, and the jurisdictional facts required to be set forth in the affidavit, which were for court determination. *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617, and cases cited.

The 1951 Act eliminated the requirement that such jurisdictional affidavit be filed with the complaint. The only requirement now is that "in all actions for divorce the complaint shall be verified in accordance with the provisions of G.S. 1-145 and G.S. 1-148." But the 1951 Act, now incorporated in G.S. 50-8, to the extent pertinent here, specifically requires that the plaintiff shall set forth in his or her complaint that the plaintiff or defendant has been a resident of the State of North Carolina for at least six months next preceding the filing of the complaint, and that the facts set forth therein as grounds for divorce (except where the alleged cause for divorce is two years separation) have existed to his or her knowledge for at least six months prior to the filing of the complaint. Hence, to allege a cause of action for divorce, a plaintiff, in addition to one or more of the grounds for divorce specified in G.S. 50-5 or G.S. 50-7, must allege the additional material facts now required by G.S. 50-8.

G.S. 50-10, in pertinent part, provides: "The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury, . . . ." Consequently, upon the basic principle that a plaintiff must prove what he must allege, a plaintiff is entitled to a judgment of divorce only if the issues submitted and answered in favor of the plaintiff establish, *inter alia*, (1) the requisite facts as to residence, and (2) that (ex-

cept where the alleged cause for divorce is two years separation) the facts set forth as grounds for divorce have existed to his or her knowledge for at least six months prior to the filing of the complaint. "The pleadings in the action present the issue which should be submitted to a jury." *Kinney v. Kinney*, 149 N.C. 321, 63 S.E. 97; *Carpenter v. Carpenter, supra.* Thus, the legal effect of the 1951 Act is that the allegations required to be set forth in the complaint are now indispensable constituent elements of plaintiff's cause of action and the facts so alleged must be established by the verdict of a jury.

Here defendant's pleading was verified in accordance with the present statutory requirement. The court had jurisdiction of the parties and of the subject matter.

Plaintiff's counsel, present at the trial on 11 June, 1957, did not object to the issues submitted by Judge Moore, nor did plaintiff appeal from the judgment based upon the verdict. If, as plaintiff now contends, defendant's pleading did not warrant the second issue, the submission thereof and hence the judgment based thereon were erroneous. In such case, upon expiration of the term at which the judgment was rendered, it could be corrected only by this Court; for, as stated by Professor McIntosh, "after the term neither the judge who rendered the judgment nor another judge holding the court can set it aside for such error, and the only remedy is an appeal or a *certiorari* as a substitute for an appeal." McIntosh, N.C.P.&P., p. 736; *Mills v. Richardson*, 240 N.C. 187, 191, 81 S.E. 2d 409. Judge Moore's judgment could not be set aside for such alleged error of law by another Superior Court judge at a subsequent term, nor will it be reviewed by this Court for such alleged error of law in the absence of exception and appeal. *Burrell v. Transfer Co.*, 244 N.C. 662, 665, 94 S.E. 2d 829.

True, a decree of divorce will be declared void if the court was without power or jurisdiction to render it *because of the insufficiency of the facts found by the jury,* when this appears *on the face of the record.* Such decree may be attacked directly by motion in the cause, *Ellis v. Ellis*, 190 N.C. 418, 130 S.E. 7, or collaterally, *Saunderson v. Saunderson*, 195 N.C. 169, 141 S.E. 572. In such case, as explained by *Stacy, C. J.,* in *Ellis v. Ellis, supra,* "the vacation of the judgment does not mean that the verdict already rendered should be set aside," but only that the court lacked the power to grant the relief contained in the judgment on the basis of the facts established by the verdict. In such case, with the judgment vacated but the verdict undisturbed, the cause is for further hearing as to essential issuable facts not theretofore determined.

To invoke this principle, it must appear, as in the *Ellis* and *Saunderson cases,* that the verdict did not establish all the facts

prerequisite to a judgment of divorce. In this connection, it is noted that no exact formula is prescribed for the settlement of issues. "Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly." *Winborne, J.* (now *C. J.*), in *Cherry v. Andrews,* 231 N.C. 261, 56 S.E. 2d 703; *McGowan v. Beach,* 242 N.C. 73, 86 S.E. 2d 763, and cases cited.

Plaintiff's allegations as to residence were admitted by defendant. In paragraph 3 of the complaint, plaintiff alleged: "3. That the plaintiff and defendant were married to each other on the 9th day of January, 1936, and lived together as man and wife until the second day of May, 1955, when the defendant deserted the plaintiff without cause, and that they have not cohabited since said date of separation." Defendant's answer to said paragraph 3 was as follows: "3. That the allegations contained in paragraph 3 of plaintiff's complaint are untrue and denied, except as hereinafter set forth in defendant's further answer, defense and cross action."

We note presently that defendant's further answer, defense and cross action, while admitting that plaintiff and defendant were lawfully married, alleged that they were married on 9 January, 1930, *not* 9 January, 1936, and that they separated the latter part of May or first of June, 1955, *not* on 2 May, 1955. Defendant's allegations as to the cause of said separation are considered below.

In pleading her cross action for divorce from bed and board, defendant alleged, in substance, that she and plaintiff were lawfully married 9 January, 1930, and that they were residents of North Carolina and had been such residents for more than two years next preceding the commencement of the action. She then alleged that she had worked in a factory for more than twelve years and had turned the wages derived from her labor over to plaintiff, her husband; that she had been at all times during their marriage a kind and dutiful wife; that for many years she had cared for plaintiff's invalid mother; and that prior to their separation her health had broken down and she had become unable to perform all the duties required of her by plaintiff.

Thereupon, defendant alleged the circumstances under which she and plaintiff separated in the following language: "that sometime during the latter part of May or the first of June, 1955, . . . upon this defendant's returning to the home of the plaintiff and defendant, . . . this defendant found that she had been locked out and was ordered away from the home by the plaintiff, and that this defendant walked a distance of several miles and sought refuge with some of the neighbors; that later this defendant went to the home of her father and has not com-

pletely recovered from said illness; that this defendant is at the present time under the care of physicians; that this defendant has called upon plaintiff to buy her medicine, to help her with some clothes, to assist her in some way in paying for medical attention and that this defendant has been informed by plaintiff, recently, that she would not get a damn thing from him."

As to what had occurred prior to the latter part of May or the first of June, 1955, the occasion when plaintiff locked her out of her home and ordered her away and caused her to seek refuge in her father's house, defendant alleged, briefly stated, that defendant had "struck, beat, choked and otherwise mistreated" her; that on numerous occasions he had threatened to kill her; and that, by his cruel and barbarous treatment, he had endangered her life.

True, defendant's pleading contains no allegation "that the facts set forth therein as grounds for divorce (had) existed to . . . her knowledge for at least six months prior to the filing of the (her) complaint." The question presented is whether the allegations of fact in her pleading, quoted above, relating to what occurred the latter part of May or the first of June, 1955, to wit, that plaintiff locked her out of her home and ordered her away, this being the *culmination* of gross mistreatment consisting of beatings, chokings and threats on her life, constitute a sufficient compliance with G.S. 50-8. We answer this question in the affirmative. Ordinarily, it would seem advisable that the required allegation be made in accordance with the language of the statute. Yet, when it appears from the allegations that the facts constituting the abandonment occurred the latter part of May or the first of June, 1955, and that defendant was necessarily present in person and directly involved in what then occurred, the conclusion seems inescapable that she, in substance and in effect, alleged that the facts set forth by her as grounds for divorce had existed to her knowledge for at least six months prior to the filing of her pleading. It is noted that in respect of these allegations, defendant's verification of her pleadings is that "the foregoing Answer" is "true of her own knowledge."

Moreover, while defendant did not use the word "abandonment" or the word "wilful" in her said pleading, we are constrained to hold that the facts alleged by defendant are sufficient to constitute wilful abandonment as a matter of law. It is noted that "abandonment imports wilfulness." *Workman v. Workman,* 242 N.C. 726, 89 S.E. 2d 390.

Even so, plaintiff contends that defendant's allegations as to his alleged failure to provide adequate support for her are too indefinite to support a similar conclusion in that it does not

appear affirmatively from the facts alleged that such failure to provide adequate support for her had existed to her knowledge for at least six months prior to the filing of her pleading. As to this, further analysis of defendant's pleading is unnecessary for the reason that no allegation as to alleged failure to provide adequate support was required.

G.S. 50-7 provides, as a ground for divorce from bed and board: "1. If either party abandons *his* or *her* family." (Italics added.) It is available to the husband as well as to the wife. Abandonment under G.S. 50-7(1) is not synonymous with the criminal offense defined in G.S. 14-322. "In a prosecution under G.S. 14-322, the State must establish (1) a wilful abandonment, and (2) a wilful failure to provide adequate support." *S. v. Lucas,* 242 N.C. 84, 86 S.E. 2d 770.

True, the husband's wilful failure to provide adequate support for his wife may be evidence of his abandonment of her, but the mere fact that he provides adequate support for her does not in itself negative abandonment as used in G.S. 50-7(1). "A wife is entitled to her husband's society and the protection of his name and home in cohabitation. The permanent denial of these rights may be aggravated by leaving her destitute or mitigated by a liberal provision for her support, but if the cohabitation is brought to an end without justification and without the consent of the wife and without the intention of renewing it, the matrimonial offense of desertion is complete." 17 Am. Jur., Divorce and Separation Sec. 98. As pointed out by *Hoke, J.* (later *C. J.*), in *Medlin v. Medlin,* 175 N.C. 529, 95 S.E. 857: ". . . a suit for divorce because of being maliciously turned out of doors, under subsection 2, section 1562, of Revisal (now G.S. 50-7), is but an instance of a wrongful abandonment provided for in subsection 1 of the statute, and the basic facts in the two suits being the same, . . ."

As to plaintiff's contention that defendant's cross action purports to be under G.S. 50-7(3), to wit, that by cruel and barbarous treatment he endangered her life, we need not determine whether defendant's allegations were sufficient to allege a good cause of action for divorce from bed and board on this ground. No issue was submitted bearing directly on this subject. Suffice to say, we think Judge Moore was correct in interpreting defendant's pleading as sufficient to allege the wilful abandonment of defendant by plaintiff and in submitting the issue so raised. To obtain a divorce from bed and board, the law required that defendant establish one, but only one, of the grounds therefor specified in G.S. 50-7. *Deaton v. Deaton,* 234 N.C. 538, 67 S.E. 2d 626; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Hagedorn v. Hagedorn,* 211 N.C. 175, 189 S.E. 507; *Albritton v. Albritton,* 210 N.C. 111, 185 S.E. 762.

We have not overlooked *Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420, and similar cases, wherein it is held, in substance, that a wife, in alleging a cause of action for divorce from bed and board under G.S. 50-7(3) and (4), must set out with particularity the wrongful acts of the husband upon which she relies and also that such acts were without adequate provocation on her part. It may be, a question not now before us, that this rule would apply where a separation alleged to constitute an abandonment under G.S. 50-7(1) is alleged to have been caused by conduct defined in G.S. 50-7(3) and (4). See *Brooks v. Brooks, supra.* Be that as it may, here defendant's allegations to the effect that plaintiff locked her out of her home, ordered her away and caused her to seek refuge in her father's house, considered with her other allegations, are deemed sufficient without further elaboration. The distinction becomes clear when we refer to the factual situation in *Ollis v. Ollis, supra.* There the wife admittedly left her husband. She did not allege that her husband was even at home when she separated herself from him. In short, it was not alleged that the separation was caused by anything that occurred *at the time of the separation.* Her allegations, which related to antecedent matters, were made in part to justify her conduct in so separating herself from him.

Before leaving this phase of the case, mention should be made of the fact that plaintiff in his said motion asserted that he had "a good and meritorious defense to the defendant's action for divorce from bed and board." Indeed, in his reply, he had so alleged prior to the trial on 11 June, 1957. However, the motion was not made under G.S. 1-220, that is, to set aside the judgment on the ground of mistake, inadvertence, surprise or excusable neglect. Hence, Judge Sharp made no findings of fact as to plaintiff's asserted meritorious defense nor does it appear that plaintiff requested her to do so.

Having reached the conclusion that plaintiff's attack on the judgment of 11 June, 1957, cannot be sustained, it follows that the purported second trial before Judge Sharp on 25 June, 1957, conducted by her under a complete misapprehension of the facts, was a nullity; and that Judge Sharp's judgment of 23 August, 1957, wherein she set aside the verdict and judgment of 25 June, 1957, must be affirmed. This is true because the jury on 11 June, 1957, had fully determined all issues raised by the pleadings, and Judge Moore's judgment of that date (except for modifications as to the amount of alimony payments required) was a final judgment. *Cameron v. Cameron,* 235 N.C. 82, 87, 68 S.E. 2d 796.

The verdict of 11 June, 1957, established that the separation occurred the latter part of May or first of June, 1955. Plaintiff instituted this action 13 May, 1957, alleging a separation on 2

May, 1955, an allegation denied by defendant. Hence, the verdict established that plaintiff and defendant had *not* lived separate and apart continuously for two years or more next preceding commencement of plaintiff's action as he had alleged.

Moreover, the verdict of 11 June, 1957, established that the separation was caused by plaintiff's wilful abandonment of defendant under the circumstances alleged by her. This defeated plaintiff's action for absolute divorce on the ground of such separation.

In *Byers v. Byers,* 223 N.C. 85, 90, 25 S.E. 2d 466, where the statutory changes and prior decisions are reviewed, *Stacy, C. J.,* says: "It is true, the statute under review (now G.S. 50-6) provides that either party may sue for a divorce or for a dissolution of the bonds of matrimony, 'if and when the husband and wife have lived separate and apart for two years,' etc. However, it is not to be supposed the General Assembly intended to authorize one spouse wilfully and wrongfully to abandon the other for a period of two years and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong. (Citations omitted.) Nor is it to be ascribed as the legislative intent that one spouse may drive the other from their home for a period of two years, without any cause or excuse, and then obtain a divorce solely upon the ground of such separation created by the complainant's own dereliction. (Citation omitted.) Out of unilateral wrongs arise rights in favor of the wronged, but not in favor of the wrongdoer. One who plants a domestic thornbush or thistle need not expect to gather grapes or figs from it." In accord: *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492; *Pearce v. Pearce,* 226 N.C. 307, 37 S.E. 2d 904; *Johnson v. Johnson,* 237 N.C. 383, 75 S.E. 2d 109. See also, *Young v. Young,* 225 N.C. 340, 343, 34 S.E. 2d 154; *Cameron v. Cameron, supra.*

When a judgment has been entered, based on a verdict which determines all issues raised by the pleadings, the cause has been fully determined; and the court at a subsequent term has no jurisdiction to proceed further with reference to issuable facts theretofore fully and finally determined. It is quite plain that Judge Sharp would not have proceeded with the purported trial on 25 June, 1957, had she been advised of the prior determinations made in the trial before Judge Moore on 11 June, 1957.

While it has been determined that the separation that occured the latter part of May or first of June, 1957, was caused by plaintiff's wilful abandonment of defendant, the effect of the judgment of 11 June, 1957, was to legalize the separation. Hence, it would seem that plaintiff, upon the expiration of two years from 11 June, 1957, would then be at liberty to maintain

an action for absolute divorce under G.S. 50-6. *Lockhart v. Lockhart,* 223 N.C. 123, 25 S.E. 2d 465; and 223 N.C. 559, 27 S.E. 2d 444.

Affirmed.