Jones v. Jones

MAVER JONES v. DONALD R. JONES

No. 7421DC129

(Filed 6 February 1974)

1. **Divorce and Alimony § 22— divorce action — jurisdiction as to child custody and support**

   When a divorce action is instituted, jurisdiction with respect to custody of and support for the children born of the marriage vests exclusively in the court before whom the divorce action is pending and becomes a concomitant part of the subject matter of the court's jurisdiction in the divorce action.

2. **Divorce and Alimony § 22— child custody and support — separation agreement — authority of court to determine custody and support**

   A separation agreement providing for child custody and support did not bar the court in a divorce action from making different provisions with respect to the custody of, or support for, the children.

APPEAL by plaintiff from *Clifford, Judge,* 10 September 1973 Session of District Court held in FORSYTH County.

In this action, instituted on 5 July 1973, plaintiff seeks (1) an absolute divorce on the ground of one-year separation, (2) custody of and support for three minor children born to the marriage, and (3) an injunction enjoining defendant from harassing and annoying plaintiff and the children. Defendant filed answer in which he admitted the allegations of the complaint relating to marriage, residence, separation, birth of children, and their custody in plaintiff. However, in a further answer and defense, he alleged that the parties had entered into a deed of separation providing for the custody of and support for the children and that he had complied fully with the terms of the agreement; he pleaded the agreement as a bar to plaintiff's prayer for any relief pertaining to the children.

On 6 August 1973, the court granted plaintiff an absolute divorce on ground of one-year separation. On 8 August 1973, the court conducted a hearing with respect to child custody and support. Before any evidence was presented, defendant moved for dismissal on the ground that the deed of separation constituted a bar to plaintiff's claim for custody and child support. The court deferred ruling on defendant's motion and proceeded to hear evidence from plaintiff concerning the children and their needs. Plaintiff admitted signing the deed of separation and that defendant had complied with the agreement with re-

spect to support for the children. Defendant was called as a witness by plaintiff and gave testimony regarding his financial situation.

At the close of plaintiff's evidence, defendant renewed his motion to dismiss the proceedings on the ground that "there was no judicial issue in controversy" and that plaintiff's claim for custody and child support was barred by the deed of separation. Plaintiff asked the court to enter an order awarding custody of the children to plaintiff and requiring defendant to pay child support greater than that provided for in the agreement. In the alternative, plaintiff asked for an order incorporating the terms of the separation agreement into a judicial decree.

The court granted defendant's motion to dismiss and refused to enter an order providing for support and custody of the children. From an order dismissing her motion "as not being founded upon judicial issues in controversy," plaintiff appealed.

*White and Crumpler, by Michael J. Lewis, for plaintiff appellant.*

*H. Glenn Pettyjohn for defendant appellee.*

BRITT, Judge.

Did the trial court err in its order? We hold that it did.

In 2 Lee, N. C. Family Law, § 152, pp. 223-224, we find:

"Contracts of parents respecting the custody and support of their children are not binding on the courts. The custody and maintenance of young children is a matter of great importance to the State. It is not a property right of the parents. The interests of the State in the welfare of the child transcends any agreement of the parties. The court may, of course, recognize and enforce the agreement of the parents when, in its opinion, the agreement is for the best interest of the child. When the welfare of the child is involved, as in divorce cases, the parents cannot so bind themselves as to foreclose the court from an inquiry as to what that welfare requires.

" 'It is not illegal for parents who have separated to enter into a contract with each other for the custody and maintenance of their child, but the court will not recognize such contract unless it is one which insures the proper care

and maintenance of the child. If there is a contract it should be made known to the court so that it may be considered along with other factors which affect an award of custody.'

" 'Such agreements, however, are usually given serious consideration, and the court may, in its discretion, approve a custody agreement in whole or in part. Where such agreement is conducive to the general welfare of the child, it will be respected, and it may be incorporated into the decree and enforced, although the power of the court subsequently to modify the decree as to the custody of the children is not thereby abridged.' "

In *Story v. Story*, 221 N.C. 114, 116, 19 S.E. 2d 136, 137 (1942), we find: "No agreement or contract between husband and wife will serve to deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by separate agreement or by a consent judgment; (citations) ; but they cannot thus withdraw children of the marriage from the protective custody of the court."

[1] When a divorce action is instituted, jurisdiction with respect to custody of and support for the children born of the marriage vests exclusively in the court before whom the divorce action is pending and becomes a concomitant part of the subject matter of the court's jurisdiction in the divorce action. *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957). G.S. 50-8 requires that in all divorce actions the complaint shall set forth the name and age of any minor child or children of the marriage, and in the event there are no minor children of the marriage, the complaint shall so state. The obvious reason for this requirement is to bring to the attention of the court any minor children that might be affected by the divorce, to the end that the court will protect the interests of those children.

[2] Applying the stated principles to the instant case, it is clear that the separation agreement did not bar the court from making different provisions with respect to the custody of, or support for, the children. The court very properly conducted a hearing concerning the children and their needs and the recitations in the order indicate that the court considered adequate the provisions of the agreement relating to the children.

However, we hold that the court should not have dismissed the custody and support "proceedings" but in its order should

In re Foreclosure of Deed of Trust

have made findings (1) to the effect that the parties had entered into a separation agreement with provisions for custody and support of the children, (2) as to whether the provisions regarding custody were for the best interest of the children, and (3) as to whether the provisions regarding support were adequate, considering defendant's ability to pay. While the court was not compelled to incorporate in its order the child custody and support provisions of the agreement, as plaintiff argues, the court had authority to do so.

For the reasons stated, the order appealed from is vacated and the cause is remanded for further proceedings consistent with this opinion.

Order vacated and cause remanded.

Judges PARKER and VAUGHN concur.