**Cobb v. Cobb**

---

HELEN YORK VOSS COBB v. WILLIAM V. COBB

No. 7819DC982

(Filed 17 July 1979)

**Divorce and Alimony § 13— divorce judgment—absence of finding that no children born of marriage**

    A divorce judgment was not void because it did not include a finding of fact that no children were born of the marriage.

APPEAL by defendant from *Warren, Judge.* Judgment entered 17 August 1978 in District Court, RANDOLPH County. Heard in the Court of Appeals 28 June 1979.

On the ground of one year's separation, plaintiff was granted an absolute divorce from defendant. Defendant appeals.

*Hugh R. Anderson for plaintiff appellee.*

*Donald K. Speckhard for defendant appellant.*

ARNOLD, Judge.

Defendant makes the novel argument that because the court did not include in its judgment a finding of fact that no children were born of the marriage, the court was without jurisdiction and the judgment of divorce is void. We find this argument to be without merit.

To support his position, defendant relies upon certain language in *Eudy v. Eudy*, 288 N.C. 71, 74-75, 215 S.E. 2d 782, 785 (1975): "[T]he allegations required by G.S. § 50-8 are indispensable, constituent elements of a divorce action and must be established either by the verdict of a jury or by a judge. . . . [A]ll averments required by the statute must be both alleged in the complaint and found by the finder of fact to be true before a divorce judgment may be entered." We believe defendant has read this language too broadly, attempting to apply it to the second paragraph of G.S. 50-8 when it is intended to apply only to the first.

Paragraph one of G.S. 50-8 requires that the complaint in a divorce action based on one year's separation be verified, and that it allege that one of the parties has been a resident of North Carolina for at least six months. Paragraph two requires that the

complaint set forth the names and ages of any minor children of the marriage, or the fact that there are no such children. This paragraph was added to the statute in 1971 by Ch. 415, 1971 Session Laws of North Carolina; prior to that time, G.S. 50-8 required only allegations of the plaintiff's belief that the facts alleged were true, of residency, and, except where the ground was a period of separation, of the plaintiff's prior knowledge of the grounds for divorce. Ch. 590, 1951 Session Laws of North Carolina.

The language in *Eudy v. Eudy, supra,* upon which the defendant relies, refers to cases which were decided under the prior statute, and therefore have no reference to the present paragraph two. *Eudy v. Eudy* was itself a question of jurisdiction where the plaintiff failed to allege that either party had been a resident of North Carolina for the requisite period. There is no reason to believe that the Supreme Court intended to include the totally unrelated requirement of an allegation regarding minor children in its references to findings of fact necessary for jurisdiction. As we noted in *Jones v. Jones,* 20 N.C. App. 607, 609, 202 S.E. 2d 279, 281 (1974), "[t]he obvious reason for this requirement [or a pleading relating to minor children] is to bring to the attention of the court any minor children that might be affected by the divorce, to the end that the court will protect the interests of those children," and not to establish jurisdiction.

Defendant also relies upon G.S. 50-10, which specifies that "[t]he material facts in every complaint asking for a divorce . . . shall be deemed to be denied by the defendant, . . . and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury," and upon *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296 (1957). As we have pointed out above with reference to *Eudy,* the language in *Pruett* referring to the necessity of having every allegation required by G.S. 50-8 found to be true before a divorce judgment can be entered does not include the allegation relating to minor children, since *Pruett* was decided some 14 years before the portion of the statute relating to minor children was enacted. Further, without determining whether the existence of minor children can ever be a "material fact" under G.S. 50-10 which must be found before a divorce judgment is entered, we hold that in this case it is not. The object of G.S. 50-10 is to prevent judgment in a divorce action from being taken by default, or by collusion. *Campbell v.*

*Campbell,* 179 N.C. 413, 102 S.E. 737 (1920). A finding of fact as to the existence of children would in no way serve that purpose. And since it is uncontradicted that no children were born of this marriage, there are no children whose interests might be better protected by requiring the trial court to acknowledge by a finding of fact that he is aware of their existence.

The judgment of the trial court is

Affirmed.

Judges HEDRICK and VAUGHN concur.